UNITED STATES of America,
Plaintiff-Appellee,

v.

Marvin WILLIAMS, Defendant-Appellant.

No. 80–5262.

United States Court of Appeals,
Sixth Circuit.

Argued March 25, 1983.

Decided July 14, 1983.

Certiorari Denied Nov. 14, 1983.

See 104 S.Ct. 433.

John P. Berena, Strongsville, Ohio (Court-appointed), for defendant-appellant.

James R. Williams, U.S. Atty. (argued), Kevin P. Connolly, William J. Edwards, Roger Synenberg (argued), Cleveland, Ohio, for plaintiff-appellee.

Before MERRITT and WELLFORD, Circuit Judges, and BROWN, Senior Circuit Judge.

MERRITT, Circuit Judge.

Appellant, Marvin Williams, convicted of one count of bank robbery under 18 U.S.C. § 2113(d), argues on appeal that he was denied a fair trial by (1) the trial judge's denial of his motion for severance, (2) the failure of the government to provide him with a speedy trial, and (3) the trial judge's decision to allow the grand jury testimony of a witness to be read aloud to the jury. We find no error in the proceedings below.

## I. Facts

The Federal Grand Jury of the Northern District of Ohio returned a four count indictment in February, 1980, charging six different people in connection with four robberies committed in Cleveland between September 25, 1979 and January 22, 1980. Appellant Williams was originally charged in Counts I and II, and his co-defendant, Henry Towns, was charged in Counts II through IV. One of the other indictees, James Brooks, pled guilty to two of the four counts and received concurrent sentences in return for his agreement to testify at trial.

In March, 1980, Williams filed a motion to suppress, and on July 1, 1980 filed a motion under Fed.R.Crim.P. 14 requesting severance and a separate trial. Both motions were denied. However, immediately prior to the commencement of the joint trial of Williams and co-defendant Towns on July 8, 1980, the government dismissed Count I of the indictment against Williams based on evidence that he had been in the custody of the Cuyahoga County Sheriff's Office on the date of the first robbery. The trial proceeded on Counts II through IV of the indictment, with Williams charged only in Count II and co-defendant Towns charged in all three counts.

During the course of the trial, the government called Kirk Gardner as a witness. When Gardner began to testify in a manner different than his grand jury testimony, counsel for the government sought to have him declared a hostile witness and to introduce his grand jury testimony into evidence against Towns. The transcript was edited to eliminate any reference to Williams, but during the reading of the transcript the name Marvin was mentioned. Later in the transcript, when asked Mar-

vin's last name, Gardner responded "Marvin Brooks."

At the close of the trial, counsel for Williams renewed his motion for severance which was again denied. Both defendants were convicted. Williams was sentenced to 18 years in prison on Count II. Towns received sentences of 15, 16 and 18 years, to run consecutively, on Counts II through IV respectively.

## II. Denial of Severance

Williams made his pre-trial motion for severance only under Fed.R.Crim.P. 14.[1] He claimed that he would be prejudiced by a joint trial with co-defendant Towns. In support of the motion, defense counsel pointed out that much of the evidence to be presented to the jury related only to the bank robberies with which Towns was charged. Only about one-third of the exhibits and evidence related to the crime charged against Williams in Count II. On appeal, Williams cites Rule 8 on joinder[2] in his brief, but his argument is directed primarily to the prejudice suffered by him as a result of the trial judge's denial of his Rule 14 motion, rather than to the issue of whether the initial joinder was proper.

Although the remedy for misjoinder under Rule 8(b) and prejudicial joinder under Rule 14 is the same—severance and separate trials—the two rules are analytically and procedurally distinct. A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment, and severance *must* be granted if the defendants were improperly joined. Rule 14 comes into play only if joinder was initially proper under Rule 8 but a joint trial would prejudice one or more defendants. It is addressed to the discretion of the trial judge. A denial of severance is reviewable to determine if there was an abuse of that discretion. *See* R. Cipes, I. Hall and M. Waxner, 8 Moore's Federal Practice ¶ 8.04 (1982); *United States v. Mayes,* 512 F.2d 637 (6th Cir.), *cert. denied,* 422 U.S. 1008, 95 S.Ct. 2629, 45 L.Ed.2d 670 (1975).

Assuming *arguendo* that appellant has raised on appeal the issue of misjoinder under Rule 8(b) in his brief, we nevertheless do not reach the merits of that contention.[3] Appellant did not raise the issue of misjoinder under 8(b) at the trial level; his motion for severance was expressly made under Rule 14. He did not allege any defect in the indictment. Fed.R.Crim.P. 12(b) requires motions based on defects in the indictment, as well as motions for severance under Rule 14, to be raised prior to trial.[4] Courts and commentators agree that failure to raise a Rule 8 motion before trial constitutes a waiver of the right to challenge misjoinder. *E.g.,* 1 Wright, Federal Prac-

1. Fed.R.Crim.P. 14 provides in pertinent part:
   Relief from Prejudicial Joinder
   If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

2. Fed.R.Crim.P. 8(b) provides:
   Joinder of Defendants. Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

3. Although we express no opinion on the merits of the 8(b) motion for severance, we recognize that whether the various bank robberies charged in the indictment could be said to constitute a "series of acts or transactions" within the meaning of that rule raises a substantial question. *See United States v. Reynolds,* 489 F.2d 4 (6th Cir.1973).

4. Fed.R.Crim.P. 12(b) provides in pertinent part:
   Pretrial Motions. Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. . . . The following must be raised prior to trial:

   .    .    .    .    .

   (2) Defenses and objections based on defects in the indictment or information . . .

   .    .    .    .    .

   (5) Requests for a severance of charges or defendants under Rule 14.

tice and Procedure: Criminal 2d § 145 (1982); 8 Moore's, *supra*, ¶ 8.04; *United States v. DeLeon,* 641 F.2d 330 (5th Cir. 1981); *United States v. Ochs,* 595 F.2d 1247 (2d Cir.), *cert. denied,* 444 U.S. 955, 100 S.Ct. 435, 62 L.Ed.2d 328 (1979). A pretrial motion alleging prejudicial joinder under Rule 14 does not serve to preserve a claim of misjoinder. 8 Moore's, *supra; United States v. Hedman,* 630 F.2d 1184 (7th Cir. 1980), *aff'd,* 655 F.2d 813 (7th Cir.1981), *cf. Cupo v. United States,* 359 F.2d 990 (D.C. Cir.1966) (pretrial motion for severance on other grounds which disclosed no basis for finding of misjoinder under 8(b) does not preserve right to object to misjoinder.) The Sixth Circuit has not previously considered this precise waiver question—although in *United States v. Costner,* 359 F.2d 969 (6th Cir.1966), we held that the appellant had waived the right to challenge duplicity of the indictment by failing to raise it before trial. In the interest of preserving consistency among the circuits, we follow the authority of the various circuits cited above that have decided the issue, although we might reach a different result were the question one of first impression.

■ Accordingly, on appeal we have before us only Williams' claim that he was prejudiced by the joint trial under Rule 14. Under the applicable standard, the trial judge's decision to deny severance to a co-defendant will be overturned by this court only upon an affirmative showing of prejudice. *United States v. Jackson,* 409 F.2d 8 (6th Cir.1969). No such showing has been made on this record, even though there is a substantial difference in the amount of evidence produced against each defendant. Such a difference is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence against each defendant. *United States v. DeLarosa,* 450 F.2d 1057 (3d Cir. 1971).

■ In this case, the trial judge was very careful to instruct the jury on their duty to consider separately the evidence against each defendant. Williams does not chal-lenge the clarity of these instructions. It is difficult to see how Williams was prejudiced. The evidence introduced solely against him was strong. In addition to extensive circumstantial evidence of Williams' participation in the robbery, co-indictee James Brooks testified about Williams' actions and identified Williams in a photograph taken by the bank's security cameras. (J.A. 116). On these facts, the trial judge did not abuse his discretion in denying Williams' severance motion under Rule 14, although we again emphasize that we do not decide any issue respecting misjoinder under Rule 8 since no such issue was presented to the trial court.

## III. Other Issues

■ We have considered the other issues Appellant raises and find them to be without merit. He contends that his right to a speedy trial under 18 U.S.C. § 3161(c)(1) was violated because he was not tried within 70 days of the indictment. However, of the 134 days which elapsed between indictment and trial, 126 of them are "excludable delay" under § 3161(h) because defense motions were pending. Delay during the pendency of motions may under some circumstances constitute a denial of the right to a speedy trial. *United States v. Van Dyke,* 605 F.2d 220, 226 (6th Cir.1979). But, absent evidence of intentional prosecutorial delay and actual prejudice to the defendant, neither of which have been argued by Williams' counsel, the right to a speedy trial is not violated by delay while motions are pending. *Id.*

Williams argues finally that the trial court erred in admitting into evidence the grand jury testimony of one government witness. Despite attempts to edit the testimony to eliminate references to Williams, the name Marvin was said once during the reading of the transcript to the jury. Williams claims he was prejudiced because the testimony tended to implicate him in bank robberies other than those with which he was charged.

The initial decision to allow the reading of the grand jury testimony was clearly correct under FRE 607 which allows any party to impeach any witness. Williams primarily objects to the prejudicial effect that the incomplete editing of the transcript caused his client. Counsel for Williams did not object at the time of the reading, and we believe any possible prejudice was minimized by the statement later in the transcript that the Marvin referred to was one Marvin Brooks, not Williams. The reading of the name Marvin in the transcript clearly did not affect any substantial rights of the Appellant, and we are, therefore, bound to disregard it under Fed. R.Crim.P. 52(a).

Accordingly, the judgment of the District Court is affirmed.