765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
DR. JOHN BOVEE, DEFENDANT-APPELLANT.
 NO. 84-1400
 United States Court of Appeals, Sixth Circuit.
 5/17/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: KENNEDY and CONTIE, Circuit Judges; and KINNEARY, District Judge.*
 PER CURIAM.
 
 
 1
 Dr. John Bovee appeals his convictions on ten counts of mail fraud and aiding and abetting mail fraud. He contends that he was misjoined with co-defendant Dr. Brown in violation of Federal Rule of Criminal Procedure (FRCrP) 8(b), that the district court should have granted a severance under FRCrP 14 and that the district court should not have admitted evidence of other criminal acts under Federal Rule of Evidence (FRE) 404(b). For the reasons stated below, we affirm.
 
 I.
 
 2
 This case involves a scheme to defraud insurance companies. Three central figures in this scheme, Gerrick Anderson, Sylvester Marshall and Herschel Rivers all testified against Dr. Bovee and his brother-in-law, Dr. Brown. Anderson, Marshall and Rivers (or persons under their direction) would stage auto accidents, would report auto accidents that had never happened and would report fake injuries resulting from these 'accidents.' In order to document the fake injuries, the accident 'victims,' who sometimes used aliases, would be examined by either Dr. Bovee or Dr. Brown at their respective clinics. Dr. Bovee and Dr. Brown would complete 'Attending Physician's Reports' falsely stating that the 'victim' had suffered a back injury.[1] The 'victim' would then mail to the insurer the Attending Physician's Report, an Application for Benefits and Wage and Salary Verification forms. Through this scheme, Dr. Bovee and Dr. Brown allegedly received compensation for medical services never rendered.
 
 
 3
 The thirty-nine count indictment involved multiple accidents and defendants. Counts 1-4 named Bovee, Anderson and Rivers in connection with a November 11, 1978 accident; Counts 5-12 named Brown, Anderson, Rank and Rivers in connection with a May 2, 1979 accident; Count 13 named Marshall in connection with a May 23, 1979 accident; Counts 14-18 named Bovee, Brown, Marshall, Rank, Roberts and Wordlaw in connection with a May 2, 1979 accident; Counts 19-21 named Brown, Rank and Thomas in connection with a September 21, 1979 accident; Counts 22-23 named Brown, Haynes and Rank in connection with a December 13, 1979 accident; Counts 24-26 named Brown, Anderson, Haynes and Rank in connection with a January 2, 1980 accident; Counts 27-34 named Bovee and Rivers in connection with a January 21, 1980 accident; Counts 35-36 named Brown, Boyd and Rank in connection with a February 11, 1980 accident; Counts 37-38 named Brown, Lewis and Rank in connection with a March 31, 1980 accident; and Count 39 named Anderson and Rank in connection with a March 31, 1981 accident. As is apparent from this synopsis of the indictment, both Dr. Bovee and Dr. Brown are alleged to have examined the accident 'victims' only in connection with the May 2, 1979 incident reflected in Counts 14-18. With the exception of Counts 13 and 39, which did not allege that either Dr. Bovee or Dr. Brown was involved, all the other counts alleged that the accident victim(s) was examined by either Dr. Bovee or Dr. Brown, but not both.
 
 
 4
 The government dismissed Counts 9 and 13 before trial and Counts 16, 19, 20 and 21 during trial. The jury acquitted Dr. Bovee on Counts 17 and 18 and could not reach a verdict on Counts 1, 3, 14 and 15. The government subsequently dismissed the latter counts. The jury convicted Dr. Bovee on Counts 2, 4 and 27-34. Thus, Dr. Bovee was not convicted on any of the counts in which both he and Dr. Brown were named.
 
 
 5
 The jury did not convict Dr. Brown on any count. At a separate retrial, he was convicted on Counts 11, 12, 17, 18, 35 and 36.
 
 II.
 
 6
 Dr. Bovee initially contends that he and Dr. Brown were misjoined[2] under FRCrP 8(b) because the government established no connection between them. Dr. Bovee emphasizes that he was not convicted on Counts 14-18, the only counts in which he and Dr. Brown were both named. The government responds that Dr. Bovee and Dr. Brown participated in the same series of acts or transactions planned by Anderson, Marshall and Rivers.
 
 Rule 8(b) provides:
 
 7
 Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. [Emphasis supplied.]
 
 
 8
 The initial question that must be addressed is what constitutes one 'series' of acts or transactions for purposes of Rule 8(b). Other circuits have held that a group of acts or transactions constitutes a series if they are logically interrelated. See United States v. Corbin, 734 F.2d 643, 649 (11th Cir. 1984); United States v. Cavale, 688 F.2d 1098, 1106 (7th Cir.), cert. denied, 459 U.S. 1018 (1982); United States v. Ford, 632 F.2d 1354, 1371-72 (9th Cir. 1980). A group of acts or transactions is logically interrelated, for instance, if the acts or transactions are part of a common scheme or plan. See Cavale, 688 F.2d at 1106; Ford, 632 F.2d at 1372. Thus, if there was only one scheme or plan to defraud in this case, then all defendants who participated in the acts or transactions constituting the scheme may be joined even if not all defendants are named in each count. See FRCrP 8(b); Corbin, 734 F.2d at 649; Ford, 632 F.2d at 1373.
 
 
 9
 Although Dr. Bovee ultimately was not convicted on any count in which both he and Dr. Brown were named, we hold that these two defendants were not misjoined. First, Rule 8(b) only requires the government to allege that two defendants participated in the same series of acts of transactions. The indictment under review clearly satisfies this requirement. Although the appellant baldly asserts to the contrary, there is no evidence that the government alleged joint participation by Dr. Bovee and Dr. Brown as a sham to justify joinder. Second, both Dr. Bovee and Dr. Brown habitually reported that auto accident victims had sustained back injuries and both dealt with Anderson, Marshall and Rivers, who were central figures in this scheme. Where defendants whose conduct exhibits a common modus operandi are linked to the same third-party or parties, the existence of one scheme or plan may be inferred. See Cavale, 688 F.2d at 1106-07. Third, the government introduced evidence under FRE 404(b)[3] that both Dr. Bovee and Dr. Brown had treated the 'victims' of a September 27, 1977 auto accident. This evidence tended to show that Dr. Bovee and Dr. Brown participated in one scheme to defraud operated by Anderson, Marshall and Rivers, rather than in separate schemes.
 
 
 10
 Dr. Bovee next argues that the district court should have severed his trial from Dr. Brown's under FRCrP 14. The law is clear that granting or denying severance is discretionary with the district court and that a denial of severance will not be disturbed unless the defendant makes a strong showing of prejudice. See United States v. Bibby, 752 F.2d 1116, 1123 (6th Cir. 1985); United States v. Scaife, 749 F.2d 338, 344 (6th Cir. 1984).[4] Prejudice exists if there is a substantial risk that the jury was unable to separate the evidence against each defendant. See Scaife, 749 F.2d at 344; United States v. Williams, 711 F.2d 748, 751 (6th Cir.), cert. denied, 104 S. Ct. 433 (1983). A jury demonstrates its ability to separate the evidence, however, when it convicts on some counts but not others or convicts some defendants but not others. See United States v. Warner, 690 F.2d 545, 553 (6th Cir. 1982); United States v. Loyd, 743 F.2d 1555, 1563-64 (11th Cir. 1984).
 
 
 11
 The latter principle is controlling here. The jury's ability to separate the evidence in this case against each defendant is demonstrated by the fact that the jury convicted Dr. Bovee on ten counts but did not convict Dr. Brown on any count. Since the jury did not find Dr. Brown guilty of any crime, Dr. Bovee is in poor position to claim that the evidence against Dr. Brown spilled over to his prejudice. Moreover, the jury did not return a guilty verdict against Dr. Bovee on six of the sixteen counts in which he was named. It is apparent, therefore, that the jury considered the evidence separately as to each count as well as to each defendant.
 
 
 12
 Finally, Dr. Bovee contends that the district court erred in admitting evidence of four prior criminal acts under FRE 404(b). This evidence showed that Dr. Bovee submitted fradulent medical reports at the behest of Marshall and Rivers in connection with auto 'accidents' occurring on November 19, 1976, September 27, 1977, October 6, 1977 and February 15, 1978.
 
 
 13
 Evidence of prior criminal conduct is inadmissible, of course, to show criminal propensity. See, e.g., United States v. Ismail, No. 84-1489 at 10 (6th Cir., filed March 18, 1985) (cases collected). 'Before admitting prior acts evidence, the district court must determine that the evidence is admissible for a proper purpose and that the probative value of the evidence outweighs its potential prejudicial effects.' Id. Moreover, the prior acts 'must be relevant to a matter at issue and must be substantially similar to, and near in time to, the offense charged in the indictment.' Id.
 
 
 14
 The other acts evidence admitted in this case clearly meets these standards. Since Dr. Bovee did not concede the issues of intent, knowledge or absence of mistake, the government was entitled to present prior acts evidence on those subjects during its case-in-chief. See United States v. Hamilton, 684 F.2d 380, 384 (6th Cir.), cert. denied, 459 U.S. 976 (1982). The prior acts involving the submission of false medical reports in connection with fraudulent auto insurance claims were very similar to the acts alleged in the indictment and tended to show that Dr. Bovee did not subsequently submit false reports mistakenly or with some other innocent state of mind.[5] Moreover, the evidence concerning the September 27, 1977 accident was probative of the existence of a common scheme or plan. As has been indicated, the government was required to allege that Dr. Bovee and Dr. Brown participated in one series of acts or transactions in order for joinder to be proper.
 
 
 15
 Finally, having reviewed the record, we conclude that the district court did not abuse its broad discretion in concluding that the probative value of the prior acts evidence outweighed its prejudicial effects. See Ismail, No. 84-1489 at 10. The district court also gave cautionary instructions about the limited permissible use of the other acts evidence. See United States v. Ring, 513 F.2d 1001, 1004 (6th Cir. 1975).
 
 
 16
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Joseph P. Kinneary, United States District Judge for the Southern District of Ohio, sitting by designation
 
 
 [1]
 Dr. Brown sometimes assigned an employee, Sally Rank, the task of completing his reports
 
 
 [2]
 The issues of joinder under FRCrP 8 and severance under FRCrP 14 are distinct. The former question is to be addressed before the latter. See United States v. Hatcher, 680 F.2d 438, 440-41 (6th Cir. 1982)
 
 
 [3]
 The propriety of admitting this evidence will be discussed infra
 
 
 [4]
 See also United States v. Stull, 743 F.2d 438, 446 (6th Cir. 1984); United States v. Dempsey, 733 F.2d 392, 398 (6th Cir.), cert. denied, 105 S. Ct. 389 (1984); United States v. Licavoli, 725 F.2d 1040, 1051 (6th Cir.), cert. denied, 104 S. Ct. 3535 (1984); United States v. Williams, 711 F.2d 748, 751 (6th Cir.), cert. denied, 104 S. Ct. 433 (1983); United States v. Davis, 707 F.2d 880, 883 (6th Cir. 1983); United States v. Warner, 690 F.2d 545, 552 (6th Cir. 1982)
 
 
 [5]
 The appellant does not argue that the prior acts were not sufficiently near in time to the offenses charged in the indictment