UNITED STATES of America, Plaintiff–Appellee,

v.

William Robert BRYAN, and Donald Evans Gilbreth, Defendants–Appellants.

UNITED STATES of America, Plaintiff–Appellee,

v.

David Leon SNODDY, Defendant–Appellant.

UNITED STATES of America, Plaintiff–Appellee,

v.

Ronald FERGUSON, and David Pelchat, Defendants–Appellants.

Nos. 87–8174, 87–8189 and 87–8232.

United States Court of Appeals, Eleventh Circuit.

May 3, 1988.

Steven H. Sadow, Atlanta, Ga. (Court-appointed), for Bryan.

J. Stephen Salter, Birmingham, Ala., for Gilbreth.

Carl H. Lida, Miami, Fla., for other defendants-appellants.

Robert L. Barr, Jr., U.S. Atty., Wilmer Parker, III, Asst. U.S. Atty., Atlanta, Ga., for the U.S.

Before ANDERSON, EDMONDSON and GOODWIN [*], Circuit Judges.

EDMONDSON, Circuit Judge:

Defendants-appellants Ronald Ferguson, David Pelchat, David Snoddy, Donald Gilbreth, and William Bryan were convicted of various crimes based upon their participation in a series of drug smuggling operations. We affirm each of the convictions; but we write about only Ferguson's and Pelchat's challenge to the district court's denial of their motions for severance.

Ferguson and Pelchat were indicted in a multicount indictment involving many named defendants. Ferguson and Pelchat were charged in just two counts of the indictment: Count XI—conspiracy to import cocaine, 21 U.S.C. sec. 952; Count XII—conspiracy to possess with intent to distribute cocaine, 21 U.S.C. sec. 846. The indictment charged other persons with other offenses, including violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. secs. 1962(d) and 1962(c).

Before trial, Ferguson and Pelchat filed motions pursuant to Fed.Rule Crim.Proc. 14, seeking a severance, that is, a separate trial, from their thirty-eight co-defendants. A partial severance was granted. Ferguson and Pelchat would be tried with three others: Snoddy, Gilbreth and Bryan. The three others had also been charged with conspiracy in Count XI; but otherwise the three defendants faced other charges, including participation in an overarching RICO conspiracy. At trial, Ferguson and Pelchat orally moved for a further severance. During this motion Fed.Rules Crim. Proc. 14 and 8(b) were mentioned. The district court denied this oral motion.

The evidence at trial showed a series of cocaine smuggling operations. The evidence revealed that in 1982 Pelchat and Ferguson took part with others in transporting by aircraft about 127 kilograms of cocaine into the United States. In addition, the evidence disclosed that some of the persons who had associated with Pelchat and Ferguson in 1982 also smuggled cocaine into the United States on two later occasions, using about the same methods as used in 1982.

Ferguson and Pelchat claim that they received a "prejudicial" trial by being tried with defendants Snoddy, Gilbreth, and Bryan. Briefly stated, Ferguson and Pelchat contend that evidence was introduced which was completely unrelated to them and that this evidence was unfairly damaging to them. This argument is based on Fed.Rule Crim.Proc. 14.

Rule 14, in pertinent part, provides as follows:

> If it appears that a defendant ... is prejudiced by a joinder of offenses or of

[*] Honorable Alfred T. Goodwin, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

*Id.* We have noted that "the grant or denial of a Rule 14 motion lies within the *sound discretion* of the trial court and is reversible only for abuse of discretion." *United States v. Andrews,* 765 F.2d 1491, 1498 (11th Cir.1985) (emphasis added), *cert. denied sub nom. Royster v. United States,* 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986). Furthermore, "[t]o demonstrate that a trial court abused its discretion in denying a motion for severance, a party must show that he 'suffered *compelling* prejudice against which the trial court was unable to afford protection.'" *Id.* (emphasis added).

Under the circumstances, the district court did not abuse its discretion; Ferguson and Pelchat have failed to demonstrate "compelling prejudice." First, the trial lasted only eight days, and it involved only five co-defendants (including Ferguson and Pelchat). Second, the Government's testimony and evidence targeted one, relatively uncomplicated series of cocaine smuggling ventures. *Cf. United States v. Castro,* 829 F.2d 1038, 1044–46 (11th Cir.1987) (six co-defendants "were tried jointly in a jury trial that lasted over six months"; portion of the trial concerning defendant-appellant Jose Luis Castro "consumed only 10 trial days"; indictment and proof adduced at trial targeted two, not one, complicated, commercial conspiracies), *modified on other grounds,* 837 F.2d 441 (11th Cir.1988). The jury reasonably could keep track of the evidence as it pertained to each defendant. *See United States v. Meester,* 762 F.2d 867, 883 (11th Cir.) (to demonstrate "compelling prejudice", defendant-appellant must show "the jury's inability to separately appraise the evidence as to each defendant"), *cert.*

*denied sub nom. Sawyer v. United States,* 474 U.S. 1024, 106 S.Ct. 579, 88 L.Ed.2d 562 (1985). Thus, there was relatively little potential for jury confusion resulting from evidentiary "spillover" or "guilt by association." *See id..*

Third, the district court properly acted to guide the jury's consideration of the evidence. Prior to trial, the court severed appellants' (Ferguson, Pelchat, Snoddy, Gilbreth, and Bryan) trial from the trial of numerous other co-defendants charged in the indictment. On at least two occasions at trial, the court gave contemporaneous limiting instructions to the jury.[1] *See United States v. Peaden,* 727 F.2d 1493, 1498 (11th Cir.) (discussing district court's discretion to give limiting instructions; noting that "[d]eterminations of the admissibility of evidence rest largely within the discretion of the trial judge."), *cert. denied,* 469 U.S. 857, 105 S.Ct. 185, 83 L.Ed.2d 118 (1984). Furthermore, in its closing instructions to the jury, the court carefully explained each count in the indictment; and the court specified what the Government must prove to obtain a conviction against each co-defendant. Twice during these instructions the court cautioned as follows:

> Of course, mere presence at the scene of the alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy but who happens to act in such a way which advances some object or purpose of the conspiracy does not thereby become a member.

Fourth, substantial evidence implicated Ferguson and Pelchat in the cocaine smuggling activities charged against them in the indictment. Direct testimony and evidence

---

1. An investigator with the District Attorney's Office in Lawrence County, Tennessee, testified regarding the seizure of cocaine from co-defendant Bryan's house in 1985; additional testimony indicated that Bryan was convicted for an offense related to this search. The district court gave limiting instructions to the jury on this matter. At another point in the trial, the court gave limiting instructions regarding the testimony of a DEA agent, who had undercover dealings with Snoddy and Gilbreth in January 1982.

connected them to the 1982 drug smuggling venture. In light of the circumstances surrounding this joint trial, Ferguson and Pelchat have failed to demonstrate prejudicial joinder under Rule 14.

Next, we discuss briefly the applicability of Fed.Rule Crim.Proc. 8(b) (allowing the joinder of co-defendants who allegedly have participated in the "same series of acts or transactions constituting an offense or offenses.").[2] Rules 8(b) (misjoinder) and 14 (prejudicial joinder) address different concerns. A misjoinder claim questions "whether the joining together of … two [or more] defendants in a single trial is *proper*" in the first instance. P. Marcus, *The Prosecution and Defense of Criminal Conspiracy Cases* sec. 6.03[1], at 6–33 (1987) (emphasis added). A prejudicial joinder motion, on the other hand, "assumes that the initial joinder was technically *proper* and argues that the joinder of parties and/or offenses was unduly *prejudicial*." *Id.* (emphasis in original). As the court in *United States v. Williams,* 711 F.2d 748 (6th Cir.), *cert. denied,* 464 U.S. 986, 104 S.Ct. 433, 78 L.Ed.2d 365 (1983) noted,

> Although the remedy for misjoinder under Rule 8(b) and prejudicial joinder under Rule 14 is the same—severance and separate trials—the two rules are analytically and procedurally distinct. A motion for severance based on misjoinder under Rule 8 alleges an error in the indictment, and severance *must* be granted if the defendants were improperly joined. Rule 14 comes into play only if joinder was initially proper under Rule 8 but a joint trial would prejudice one or more defendants. It is addressed to the discretion of the trial judge.

*Id.* at 750.

▮ Rule 8(b) is to be construed liberally in favor of joinder. *See Andrews,* 765 F.2d at 1496–97; P. Marcus, *supra,* sec. 6.02[3], at 6–16 to –19; *see also Meester,* 762 F.2d at 883 (as a general rule,

"defendants jointly indicted should be tried together in the interest of judicial economy."). Applying Rule 8(b) analysis to this case, we perceive no misjoinder. The indictment asserts one overarching RICO conspiracy and then lists other separate charges, including specific conspiracies that arose from and made up that RICO scheme. This is permissible. *See Andrews,* 765 F.2d at 1496–97 ("each participant need not have been involved in every phase of the venture … nor need he have known the identity and role of each of the other participants."); P. Marcus, *supra,* sec. 6.02[3], at 6–16 ("the question, then, is whether the allegations are sufficient to indicate that at least some of the defendants were criminally involved in the same acts or transactions."). Ferguson and Pelchat were not charged under RICO, but Rule 8(b) expressly provides that all co-defendants need not be charged in each count. Fed.Rule Crim.Proc. 8(b) ("Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count."). The proof against Ferguson and Pelchat did not vary from the indictment against them. *Cf. Castro,* 829 F.2d at 1046 & n. 23 (one conspiracy alleged in indictment but two separate conspiracies were proved).

The other arguments raised by appellants Snoddy, Gilbreth, and Bryan are without merit. Therefore, we AFFIRM the convictions of each appellant.

---

**2.** On appeal, Ferguson and Pelchat have not directly argued Rule 8(b), but they have cited

*United States v. Castro,* 829 F.2d 1038 (11th Cir.1987) (a Rule 8(b) case).