899 F.2d 1222
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert DAVIS (88-1937) and Brenda L. Howell (88-2116),
Defendants-Appellants.
 Nos. 88-1937, 88-2116.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1990.
 
 Before KENNEDY and RYAN, Circuit Judges; and GEORGE C. SMITH, District Judge.*
 PER CURIAM:
 
 
 1
 Appellants Robert Davis and Brenda Howell appeal their jury convictions of violating various drug trafficking and firearms statutes. They argue that the District Court should have granted motions for judgment of acquittal and to sever their trials, and that the federal prosecution violated the Double Jeopardy clause of the United States Constitution because they had already been prosecuted and acquitted of the same offenses in a Michigan state court. Finding no error in the rulings of the District Court, we AFFIRM its judgment.
 
 
 2
 As police officers approached a house located at 15748 Wormer in Redford Township, Michigan, to execute a search warrant, appellant Davis entered a car parked in the driveway. The officers walked to the car with their guns drawn and identified themselves. Davis drove through the backyard of the house, ran into a fence, and fled on foot. The police officers pursued him for several blocks and arrested him. They searched Davis and the house at 15748 Wormer.
 
 
 3
 The police discovered two females at the house--Kathy Zytowski, who was in the kitchen, and appellant Brenda Howell, who was in the bathroom. A search of the house turned up an ounce of cocaine, a sawed-off shotgun, a .25 caliber handgun, four shotguns and two rifles in a closet, and paraphernalia associated with the drug trade and drug use.
 
 
 4
 Appellant Davis argues that his fifth amendment right against being "twice put in jeopardy of life or limb" for the same offense was violated because he was prosecuted in federal court based on the same conduct for which he had been tried and acquitted in state court. The Supreme Court has long held under the "dual sovereignty doctrine" that a federal prosecution is not barred by a conviction or acquittal in a state court for the same offense. See Bartkus v. Illinois, 359 U.S. 121 (1959) (state prosecution for same conduct involved in federal prosecution not barred by double jeopardy); Abbate v. United States, 359 U.S. 187 (1959) (federal prosecution for same conduct involved in state prosecution not barred by double jeopardy); United States v. Renfro, 620 F.2d 569, 573 (6th Cir.), cert. denied, 449 U.S. 902 (1980). Appellant's counsel conceded at oral argument that appellant's case is directly controlled by these Supreme Court precedents. We therefore reject this claim.
 
 
 5
 Appellant Davis next contends that several of his statements made after arrest were coerced because the interrogating officer, after twice giving him his Miranda rights, said "there was a possibility through discussions with the prosecutor's office that we might be able to work something out, but that [the officer] could not promise anything at this stage because it was out of [his] hands." Joint App. at 156. The statements at issue were that Davis usually bought drugs from the same person, that the weapons in his bedroom had been taken in trade, and that he knew the market price for cocaine and heroin.
 
 
 6
 Whether statements are coerced is determined by examining the totality of the circumstances surrounding the interrogation. United States v. Murphy, 763 F.2d 202 (6th Cir.1985), cert. denied, 474 U.S. 1063 (1986); United States v. Brown, 557 F.2d 541 (6th Cir.1977). Davis was 33-years-old at the time of his arrest, had a high school education, no physical or mental impairments, and had experience in police matters identical to this one, having pled guilty to a similar offense a few years earlier. He received Miranda warnings twice before questioning, initialing and signing the form indicating his understanding of the rights. This was far from a coercive environment.
 
 
 7
 The innocuous statement that there was a possibility of more lenient treatment or a deal in exchange for cooperation does not make the statements involuntary. See, e.g., United States v. Rodgers, 755 F.2d 533 (7th Cir.), cert. denied, 473 U.S. 907 (1985); United States v. Curtis, 562 F.2d 1153 (9th Cir.1977), cert. denied, 439 U.S. 910 (1978).[1] We find abundant support for the District Court's finding that the statements were voluntary and affirm its decision to admit them.
 
 
 8
 Both appellants Davis and Howell argue that the District Court erred in denying their motions to sever their trials from each other. Under Fed.R.Crim.P. 14, our standard of review is whether the trial judge abused his discretion in denying severance. United States v. Williams, 711 F.2d 748, 750 (6th Cir.), cert. denied, 464 U.S. 986 (1983). To establish abuse, there must be "an affirmative showing of prejudice." Id. at 751. Each motion will be considered separately.
 
 
 9
 Davis claims that their defenses were antagonistic, since his defense was that he did not live at 15748 Wormer and Howell's was that she lived there for a brief time with Davis, but had moved out prior to the search. He also claims that an arresting officer and a social worker testified about statements Howell made which may have implicated him in the crimes charged in violation of Bruton v. United States, 391 U.S. 123 (1968) (statements of one defendant not admissible against other defendant under sixth amendment). The specific testimony involved the officer's statement that Howell told him that she needed to pick Davis' son up from school, and that she cared for the son with Davis. The social worker testified that she observed Davis and Howell at the Wormer address and that they told her they slept in the same room, which was the room in which the evidence was found. With regard to the officer's testimony, Davis received a limiting instruction which directed the jury to consider the testimony only as it pertained to Howell (i.e., to establish that she lived with Davis and cared for his son, rather than to establish that Davis lived at the Wormer address). Joint App. at 208. The Supreme Court has said that "a witness whose testimony is introduced at a joint trial is not considered to be a witness 'against' a defendant if the jury is instructed to consider that testimony only against a codefendant." Richardson v. Marsh, 481 U.S. 200, 206 (1987). The officer's testimony thus did not prejudice Davis.
 
 
 10
 With regard to the social worker's testimony, she had observed them together first at an address on Salem Street and later at the Wormer address. This testimony was admissible even if the trial was severed.
 
 
 11
 Howell raises an additional claim in her motion to sever. She asserts that had there been separate trials, she could have called Davis to testify that she moved out before the search and that she was no longer living at the Wormer address. She fails, however, to meet the test required by United States v. Causey, 834 F.2d 1277, 1287 (6th Cir.1987), cert. denied, 486 U.S. 1034 (1988). There, we held that:
 
 
 12
 A stringent test is to be employed in ruling on a motion for severance in order to obtain a codefendant's testimony. The defendant "must demonstrate: (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature and effect, and (4) that the codefendant will in fact testify if the cases are severed."
 
 
 13
 (quoting United States v. Butler, 611 F.2d 1066, 1071 (5th Cir.), cert. denied, 449 U.S. 830 (1980)). There was no bona fide need for Davis' testimony. Testimony from witnesses other than Davis could have been obtained to show that Howell was not living at the Wormer address. Secondly, there is no showing in the record that Davis would have in fact testified as Howell claims, a burden which she must meet before severance is justified. Nothing required the District Court to set aside the general rule that "persons jointly indicted should be tried together." Id. at 1287 (citing United States v. Stull, 743 F.2d 439, 446-47 (6th Cir.1984), cert. denied, 470 U.S. 1062 (1985). The District Court did not abuse its discretion in denying Howell's motion to sever.
 
 
 14
 Howell's argument that her motions for judgment of acquittal made pursuant to Fed.R.Crim.P. 29(a) and (c) should have been granted is equally without merit.[2] We can reverse such a denial only if the evidence is insufficient for a reasonable juror to find guilt beyond a reasonable doubt. United States v. Townsend, 796 F.2d 158, 161 (6th Cir.1986). On appeal, we view the evidence in the light most favorable to the government when determining whether reasonable fact-finders could find guilt beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence here was strong that Howell was in constructive possession of the items found in the house.
 
 
 15
 While there are certainly alternative inferences that could reasonably be drawn, the jury could also reasonably have found appellant guilty. United States v. Stone, 748 F.2d 361, 362 (6th Cir.1984) ("circumstantial evidence alone can sustain a guilty verdict and ... to do so, circumstantial evidence need not remove every reasonable hypothesis except that of guilt") (emphasis in original). When viewed in the light most favorable to the government, we cannot avoid concluding that the evidence, when considered together, provides a reasonable basis for finding that Howell both occupied the bedroom at the Wormer address and that she knew of the drugs and firearms. Both the quantity of drugs and firearms involved and the fact that many of these items were found in plain view strongly support the finding that she had actual knowledge of them. Lastly, several bank documents indicate that Howell lived at 15748 Wormer. One document, a contract card for a safe deposit box, was signed by Howell three weeks after the search and listed 15748 Wormer as her address. There was more than sufficient evidence from which the jury could infer Howell's possession and consequent guilt.
 
 
 16
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable George C. Smith, United States District Court for the Southern District of Ohio, sitting by designation
 
 
 [1]
 United States v. Fraction, 613 F.Supp. 295 (D.N.J.1985) is the only case appellant cites to support his claim of involuntariness. However, Fraction was reversed by the Third Circuit Court of Appeals. 795 F.2d 12 (3rd Cir.1986)
 
 
 [2]
 Rule 29(a) provides in relevant part: "The court on motion of a defendant ... shall order the entry of judgment of acquittal ... if the evidence is insufficient to sustain a conviction...." Rule 29(c) provides in part: "If a verdict of guilt is returned the court may on [a motion for judgment of acquittal] set aside the verdict and enter judgment of acquittal." Howell concedes that although she offered rebuttal testimony, "[t]his additional evidence would not alter the argument presented by Appellant with respect to the trial court's initial denial of her motion." Appellant Howell's Brief at 20. Therefore, we need not treat the motions separately