UNITED STATES of America,
Plaintiff–Appellant,

v.

Michael DURK, Defendant–Appellee.

No. 97–1369.

United States Court of Appeals,
Sixth Circuit.

Argued June 15, 1998.

Decided July 16, 1998.

Jennifer J. Peregord (argued and briefed), Office of the U.S. Attorney, Detroit, MI, for Plaintiff–Appellant.

Andrew N. Wise (argued and briefed), Federal Public Defenders Office, Detroit, Michigan, for Defendant–Appellee.

Before: KENNEDY, GUY, and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge.

The government appeals from an order suppressing evidence seized during a search of defendant Michael Durk's residence. The District Court granted Durk's motion to suppress on the grounds that the search warrant failed to satisfy Fourth Amendment particularity requirements and the circumstances did not warrant application of the good-faith exception the Supreme Court articulated in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). For the reasons that follow, we **REVERSE** the order of the District Court.

## I. FACTS

The facts of this case, summarized in the search warrant at issue, are not in dispute. In July 1996, defendant Michael Durk began renting a bedroom in a single-family home at 4216 Fulton, Royal Oak, Michigan, from Susan Shaw, the home's occupant. On September 15, 1996, Shaw entered Durk's bedroom, saw what she believed were pipe bombs and contacted the police department. Officers Michael LaFranier and Kenneth Nutter from the Royal Oak Police Department responded to Shaw's call. Shaw let the officers into her home. From the hallway outside of Durk's bedroom, Officer LaFranier observed pipe bombs as well as a variety of chemicals and materials commonly used to make explosives.

Leaving Officer Nutter at the scene to await his return, Officer LaFranier left the home to obtain a search warrant. In an affidavit, Officer LaFranier summarized his findings and stated that probable cause existed to believe that Durk was manufacturing explosives. A magistrate thereupon issued a warrant authorizing a search of:

> All rooms, spaces, compartments, hallways and storage areas, including the curtilage of a single family red brick ranch home located at 4612 Fulton in the City of Royal Oak, County of Oakland, State of Michigan. Said dwelling house is located on the north side of Fulton and is approximately 3 houses to the east of Grandview with the numbers 4612 affixed near the front door. Also a metal storage shed behind the home on north side of the main home which is approximately ten feet by fifteen feet, the entrance of which is secured by a plastic tie.

Officer LaFranier then returned to Durk's residence with the warrant in hand. He and Officer Nutter seized pipe bombs, bomb-making materials, chemicals, a silencer, a pen gun, and other items during the search.

On December 17, 1996, a grand jury indicted Durk for possession of unregistered firearms in violation of 26 U.S.C.A. § 5861(d) (West 1998). On January 22, 1997, Durk moved to suppress the evidence seized during the search on the ground that the warrant did not describe the place to be searched with the particularity the Fourth Amendment requires and therefore was invalid. More specifically, Durk cited as fatal two errors in the warrant: (1) the transposition of the house numbers from 4216 to 4612, and (2) the description of Durk's house as "3 houses to the east of Grandview"—in fact, it was three houses to the west of Grandview. Durk further argued that the warrant could not be salvaged by the good faith exception of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405 (1984), because "no reasonable officer reading the description of the place to be searched would believe it described 4216 Fulton." The District Court granted Durk's motion to suppress on February 11, 1997 and the government filed a timely appeal.

## II. DISCUSSION

The government contends that the District Court erred in granting the motion to suppress because the police seized the evidence pursuant to a constitutionally valid warrant. The Fourth Amendment requires that search warrants be issued only on probable cause and that they "particularly describ[e] the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. The government argues that the warrant in this case sufficiently describes the house in which Durk resided.

■ This Court reviews de novo the District Court's conclusions as to whether a search warrant describes the premises to be searched with sufficient particularity, and as to the applicability of the good-faith exception. *See United States v. Gahagan,* 865 F.2d 1490, 1496 (6th Cir.1989); *see generally United States v. Duncan,* 918 F.2d 647, 650 (6th Cir.1990).

■ The government concedes the two descriptive errors in the warrant, but contends that these are not fatal. *See United States v. Prout,* 526 F.2d 380, 387 (5th Cir.1976) (noting that an error in description is not automatically fatal to the validity of a search warrant); *United States v. Bedford,* 519 F.2d 650, 655 (3rd Cir.1975) (stating that the standard for determining sufficient particularity of a description in a search warrant "is one of practical accuracy rather than technical nicety"(quoting *United States v. Gomez,* 42 F.R.D. 347 (S.D.N.Y.1967))). The test for determining whether a search warrant describes the premises to be searched with sufficient particularity "is not whether the description is technically accurate in every detail," *Prout,* 526 F.2d at 387–88, but rather whether the description is sufficient "to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched." *Gahagan,* 865 F.2d at 1496 (quoting *United States v. Gitcho,* 601 F.2d 369, 371 (8th Cir.1979)); *see also United States v. Dorrough,* 927 F.2d 498, 500 (10th Cir.1991) (noting that the "requisite specifici-

ty of the description ... depends heavily on the facts of each case").

■ The evil that the framers of the Constitution were trying to eradicate with the particularity requirement was the so-called general warrant ·that allowed officers to search at random. This requirement eliminates generalness and provides both a reason for and limitation of the search. These purposes were served in this case as the warrant sufficiently describes Shaw's house despite the two inaccuracies. The warrant correctly identifies the house as a single-family red brick ranch home on the north side of Fulton street. Although brick, ranch style homes may be common in Shaw's neighborhood, the warrant also describes a more unusual feature: a ten by fifteen foot metal storage shed, the entrance of which is secured by a plastic tie. *Cf. Dorrough,* 927 F.2d at 501 (stating that unique landmark—a red, white and black house-shaped mailbox—enabled officers to locate home with reasonable effort). Courts routinely have upheld warrants, such as the one at issue, "where one part of the description of the premises to be searched is inaccurate, but the description has other parts which identify the place with particularity." *Gitcho,* 601 F.2d at 372; *United States v. Shropshire,* 498 F.2d 137, 141–42 (6th Cir.1974).

Moreover, additional circumstances make clear that the inaccuracies in the warrant here would not lead to a mistaken search of other premises. First, the affidavit, which was incorporated into the search warrant, specified that Shaw was the home's occupant and that Durk was her tenant. *Cf. Bedford,* 519 F.2d at 655 (noting that warrant lacking any physical description of particular apartment is valid if it specifies the name of the occupant of the apartment against which it is directed (citing *Moore v. United States,* 461 F.2d 1236, 1238 (D.C.Cir.1972); *United States v. Hinton,* 219 F.2d 324, 326 (7th Cir.1955))). Second, the executing officer in this case was also the affiant and had just come from Shaw's home. *See Lyons v. Robinson,* 783 F.2d 737, 738 (8th Cir.1985) (stating that where the same officer applies for and executes the warrant, a mistaken search is unlikely); *Gitcho,* 601 F.2d at 372 (noting

that fact that agents executing the warrant personally knew which premises were intended to be searched validated a search pursuant to a warrant providing the incorrect address); *United States v. Clement,* 747 F.2d 460, 461 (8th Cir.1984) (finding that warrant's description denominating incorrect apartment not fatal where officer had been to residence before, actually knew where suspect lived, and went directly to his apartment in executing the warrant). Finally, Officer Nutter remained at the Shaw residence while Officer LaFranier procured the search warrant. *Cf. United States v. Hassell,* 427 F.2d 348, 348 (6th Cir.1970) (upholding search where warrant inaccurately described farm and directions to farm but three officers remained at farm while fourth got warrant; the search warrant specified the "Howard Hassell" farm; and the general directions led to the farm). Under these circumstances, no reasonable probability existed that the officers would search the wrong premises as a result of the inaccuracies in the warrant. We therefore hold that the description of the premises to be searched was sufficient to validate the warrant and the resulting search and seizure.

Because we find the search warrant complies with the requirements of the Fourth Amendment, we need not reach the government's alternative argument that the good faith exception applies to this case.

## III. CONCLUSION

Accordingly, we **REVERSE** the order of the District Court granting the motion to suppress and **REMAND** for further proceedings consistent with this opinion.