*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0001p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 04-1801

HANG LE-THY TRAN,

*Defendant-Appellant.*

>

---

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 03-00175—David W. McKeague, District Judge.

Argued: November 9, 2005

Decided and Filed: January 5, 2006

Before: MERRITT, MOORE, and SUTTON, Circuit Judges.

---

**COUNSEL**

**ARGUED:** Frank E. Stanley, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee. **ON BRIEF:** Frank E. Stanley, Grand Rapids, Michigan, for Appellant. Timothy P. VerHey, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

---

**OPINION**

---

MERRITT, Circuit Judge. Defendant Hang Le-Thy Tran was convicted by a jury of two counts of aiding and abetting another to commit arson in violation of 18 U.S.C. § 844(i). Tran was sentenced by the district court to 72 months of imprisonment. She now appeals her conviction and her sentence. On appeal, Tran asserts that: (1) the district court erred in denying Tran's motion for judgment of acquittal on the grounds that the government did not prove the interstate commerce element of the offense; (2) the district court erred in denying her motion to sever counts; (3) the district court erred in denying her motions to suppress evidence seized during searches of her business and her mobile home; and (4) the sentence imposed by the district court violated the 6th Amendment. For the following reasons, we AFFIRM the district court's rulings below, except we VACATE the sentence of the district court and REMAND for re-sentencing consistent with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005).

1

## I.  BACKGROUND FACTS AND PROCEDURE

Defendant Hang Le-Thy Tran owned and operated two businesses, Mimi's Family Hair Care and Kimberly Beauty College, located in the suburbs of Grand Rapids, Michigan.  On October 24, 2000, Mimi's Family Hair Care was damaged by a small fire in the rear room of the salon.  The fire marshal concluded that the cause of the fire was arson, and all other causes were ruled out.  The Michigan State Police Laboratory was unable to identify the flammable liquid used to ignite the fire, but there were acetone and several other flammable hair and nail care products in the salon.  While investigating a second fire at Kimberly Beauty College, a detective with the Kentwood Police Department received a letter naming a suspect in the Mimi's Family Hair Care fire.  The detective eventually located Hanh Ngo, a student at Kimberly Beauty College, who confessed to setting the fire at Mimi's Family Hair Care at the defendant's behest.

On March 24, 2002, Kimberly Beauty College was destroyed by fire, and an adjacent business suffered fire and smoke damage.  The basement of Kimberly Beauty College escaped significant damage even though the fire completely destroyed the rest of the structure.  The cause of the fire was determined to be arson, ignited through the use of a flammable liquid in conjunction with cotton, acting as a wick from the flammable liquid to other areas of the business.  Acetone, a flammable liquid commonly used in beauty salons, was found in the basement of Kimberly Beauty College in unusually high quantities.  The police were unable to identify the arsonist responsible for the fire that destroyed Kimberly Beauty College.

These offenses resulted in an indictment charging Tran with two counts of aiding and abetting another to commit arson in violation of 18 U.S.C. § 844(i).  Count 1 of the indictment related to the fire at Mimi's Family Hair Care in Kentwood, Michigan, on October 24, 2000.  Count 2 of the indictment arose out of the fire at Kimberly Beauty College in Wyoming, Michigan, on March 25, 2002.  The case was tried by a jury on February 9, 2004, and following a five-day trial, the defendant was found guilty of both counts.  Thereafter, the defendant filed a motion for judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, arguing that sufficient evidence was not presented by the government at trial to meet its burden of showing that Mimi's Family Hair Care and Kimberly Beauty College affected interstate commerce.  The district court denied the motion.  On June 9, 2004, the defendant was sentenced to 72 months in prison on each count, to be served concurrently.  The defendant thereafter timely filed a notice of appeal.

## II.  INTERSTATE COMMERCE

Tran argues on appeal that the government failed to introduce sufficient evidence to support the verdict in this case.  According to Tran, the government failed to prove that Mimi's Family Hair Care and Kimberly Beauty College affected interstate commerce, as it was required to do under *Jones v. United States*, 529 U.S. 848 (2000).  We review a district court's refusal to grant a motion for judgment of acquittal de novo.  *United States v. Kone*, 307 F.3d 430, 433 (6th Cir. 2002).  We may reverse the district court's decision only if, after viewing the facts in the light most favorable to the government, we determine that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307 (1979)).

Title 18 U.S.C. § 844(i) provides for the imposition of federal criminal sanctions against any person who "maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or person property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce."  The statute thus encompasses the arson of "any building that is either used in interstate commerce or that is used in any activity affecting interstate commerce."  *United States v. Laton*, 352 F.3d 286, 291 (6th Cir. 2003).  We conclude that the district court did not err in denying the defendant's motion for

judgment of acquittal because Mimi's Family Hair Care and Kimberly Beauty College were commercial rental properties and their destruction by means of fire satisfies § 844(i)'s requirement that the destroyed property be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce."

This case is governed by *Russell v. United States*, 471 U.S. 858 (1985), in which the Supreme Court held that the arson of a two-unit apartment building that was used as rental property fell within the purview of 18 U.S.C. § 844(i). In so holding, the Court noted that, although § 844(i) "only applies to property that is 'used' in an 'activity' that affects commerce," "[t]he rental of real estate is unquestionably such an activity." *Id.* at 862. As the Court explained, its determination that rental property satisfies the interstate commerce requirement did not depend "on the connection between the market for residential units and 'the interstate movement of people'" because "the local rental of an apartment unit is merely an element of a much broader commercial market in rental properties." *Id.* In its analysis, the Court noted that the original version of the bill proposing § 844(i) required that the building be used "for business purposes," but that Congress deleted such language before enactment in response to House members who indicated that they thought the statute should protect schools, police stations, and churches. *Id.* at 860; *see also id.* at 860-61 nn.5-9 (quoting the relevant legislative history). The Court read this legislative history to suggest "that Congress at least intended to protect all business property, as well as some additional property that might not fit that description, but perhaps not every private home." *Id.* at 862. Because the apartments in the building were rented to tenants at the time of the fire, the Court concluded that the property was "being used in an activity affecting commerce." *Id.*

The Supreme Court's later ruling in *Jones v. United States*, 529 U.S. 848 (2000), did not disturb the Court's holding in *Russell* that the arson statute applies to rental properties. In *Jones*, the Supreme Court held that § 844(i) does not apply to a private, owner-occupied residence where its only relationship to interstate commerce is the receipt of natural gas, a mortgage, or an insurance policy. *Id.* at 856. The Court emphasized the "qualifying words 'used in,'" which mandate that "the damaged or destroyed property must itself have been used in commerce or in an activity affecting commerce." *Id.* at 854. It then outlined a two-part inquiry for assessing the applicability of 18 U.S.C. § 844(i), which requires an analysis of the "function of the building itself, and then a determination of whether that function affects interstate commerce." *Id.* at 854-55. In its analysis, the Court reasoned that for a building to be used in an activity affecting interstate commerce requires "active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." *Id.* at 855. The *Jones* Court did not purport to overrule *Russell* and distinguished its prior decision by pointing to the "dispositive fact" in *Russell* that the "[p]etitioner was renting his apartment building to tenants at the time he attempted to destroy it by fire." *Id.* at 853.

In this case, there was sufficient evidence of an interstate commerce nexus to sustain the defendant's conviction for violating § 844(i). Specifically, the evidence presented at trial established that the two buildings damaged or destroyed by fire were commercial rental properties. During the trial, Tom Wiarda testified that Bretwood Centre, the owner of Bretwood Mall Shopping Center, rented 1,715 square feet of its building to Tran for the purpose of operating Mimi's Family Hair Care. The term of the lease was 62 months commencing December 15, 1999, and Tran paid approximately $1,500 a month in rent. Jon Bruinsma testified that he rented one unit of a three-unit building to Tran, that the unit was used for the operation of Kimberly Beauty College, and that Tran paid $3,000 a month in rent. These facts were sufficient to indicate that the buildings housing Tran's two businesses were being used by their owners as rental properties, and therefore, being used in an activity that affects commerce within the meaning of § 844(i).

## III.  SEVERANCE OF COUNTS

Tran moved to sever the two counts of aiding and abetting another to commit arson in violation of 18 U.S.C. § 844(i) alleged in the indictment.  The district court denied the motion.  We review the denial of a motion for severance under an abuse of discretion standard.  *United States v. Carnes*, 309 F.3d 950, 957 (6th Cir. 2002).

Federal Rule of Criminal Procedure 8(a) permits joinder of two or more offenses "if the offenses charged . . . are of the *same or similar character*, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." (emphasis added).  Joinder of the two arson counts was proper in this case because the evidence at trial demonstrated that the offenses were, indeed, of the same or similar character and involved overlapping proof.  Each of the two businesses destroyed or damaged by fire within eighteen months of each other was owned and operated by the defendant.  The businesses set on fire were located in neighboring communities less than seven miles apart.  After each fire, an investigator concluded that the cause of the fire was arson by flammable liquids, and that acetone was used as the accelerant.  After each fire, the defendant filed an insurance claim, specifically requesting reimbursement for new equipment that supposedly had been delivered just prior to the fire.  Moreover, there was significant overlap of the witnesses presented on each offense.  To require the government to put on a separate trial to prove each arson offense, where the evidence of those counts is intertwined, would violate the spirit of Rule 8(a), which is to "promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983).  Therefore, we hold that joinder of the counts was proper under Rule 8(a).

We also hold that the district court did not abuse its discretion by refusing to grant a severance under Federal Rule of Criminal Procedure 14.  Even when joinder is appropriate under Rule 8(a), a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of the offenses.  Fed. R. Crim. P. 14.  The resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *United States v. McCoy*, 848 F.2d 743, 744 (6th Cir. 1988).  To establish an abuse of discretion requires "a strong showing of prejudice." *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985).  The movant must prove that joinder would compromise a specific trial right or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

The defendant has failed to show that she was prejudiced by a joinder of the offenses, and "absent a showing of substantial prejudice, spillover of evidence from one [count] to another does not require severance." *United States v. Johnson*, 763 F.2d 773, 777 (6th Cir. 1985).  Even if prejudicial spillover actually occurred, the defendant would still need to prove that such a spillover caused her substantial prejudice.  No such showing has been made, even though there is a difference in the amount of evidence produced on each count.  A difference in the quantum of evidence as to the two counts "is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence" produced on each count. *United States v. Williams*, 711 F.2d 748, 751 (6th Cir. 1983).  The defendant's conclusory statement that the joinder of the counts "affected" the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice.  Therefore, the district court did not err in failing to grant the defendant's motion to sever counts under Rule 14.

## IV.  THE MOTIONS TO SUPPRESS

The defendant challenges the denial of her motions to suppress evidence seized during the search of her mobile home and Kimberly Beauty College, arguing that, because of alleged deficiencies in the warrants and supporting affidavits, police obtained the evidence in violation of

the Fourth Amendment.  There were two search warrants issued in connection with the investigation of the defendant.  On May 13, 2002, Detective Michael Struve obtained from Judge Steven Timmers of the Wyoming District Court a warrant to search the basement of Kimberly Beauty College.  On the same day, he conducted the search and seized one gallon of acetone and two file cabinets.  On July 2, 2002, Detective Struve obtained from Judge Timmers a second warrant to search the mobile home located at 338 Vinedale SE, Kentwood, Michigan.  Detective Struve conducted the search that same day and seized numerous documents, including bank and casino records.

Tran moved to suppress the evidence seized in the search of Kimberly Beauty College because the street number of the address on the warrant and the accompanying affidavit had been altered.  Tran also moved to suppress the evidence seized in the search of her mobile home on the grounds that the warrant failed to establish the required nexus between the mobile home and the defendant and hence lacked probable cause.  The district court denied the motions to suppress the evidence seized pursuant to the two warrants.  First, the district court found that the inaccuracies in the warrant for Kimberly Beauty College did not render the warrant invalid, and the warrant should be upheld in any event on the basis of the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984).  Second, the district court ruled that the affidavit supporting the search of the defendant's mobile home, when read in a common sense manner, established the relationship of the defendant to the place to be searched, and therefore, provided a substantial basis for concluding that there was probable cause to issue the warrant.

In reviewing the denial of a motion to suppress, we defer to the district court's factual findings unless they are clearly erroneous.  Legal conclusions, however, are reviewed de novo. *United States v. Carpenter*, 360 F.3d 591, 594 (6th Cir. 2004).

## A. The Warrant for Kimberly Beauty College

The defendant claims that Detective Struve changed the street number of the address on the affidavit and warrant to search Kimberly Beauty College after the magistrate had signed the warrant, and the warrant was, therefore, invalid.  The challenged alterations involve the address of Kimberly Beauty College, 931 28th Street S.W., which was mistakenly typed as "937" 28th Street S.W. in the warrant and accompanying affidavit.  In each instance, Detective Struve corrected the mistake after Judge Timmers had signed the warrant and without informing the judge of the mistake.  We hold that the alteration of the warrant and affidavit by the executing officer was improper, but that the alteration did not eliminate probable cause or render the warrant invalid.

It is clear that the incorrect address in the warrant and the affidavit does not itself invalidate the search warrant.  The Fourth Amendment requires a warrant to "particularly describ[e] the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV; *see United States v. Blakeney*, 942 F.2d 1001, 1026 (6th Cir. 1991).  In determining whether the warrant describes with sufficient particularity the place to be searched, we consider: "(1) whether the place to be searched is described with sufficient particularity as to enable the executing officers to locate and identify the premises with reasonable effort; and (2) whether there is reasonable probability that some other premises may be mistakenly searched."  *Knott v. Sullivan*, 418 F.3d 561, 568 (6th Cir. 2005) (quoting *United States v. Gahagan*, 865 F.2d 1490, 1497 (6th Cir. 1989)).  An error in description does not, however, automatically invalidate a search warrant.  *United States v. Pelayo-Landero*, 285 F.3d 491, 496 (6th Cir. 2002).  The test for determining whether a search warrant describes the premises to be searched with sufficient particularity "is not whether the description is technically accurate in every detail, but rather whether the description is sufficient to enable the executing officer to locate and identify the premises with reasonable effort, and whether there is any reasonable probability that another premises might be mistakenly searched."  *Id.* (citations omitted).

We have repeatedly upheld warrants like the one at issue where one part of the description is inaccurate, but the description has other accurate information to identify the place to be searched with particularity. *See, e.g., Pelayo-Landero*, 285 F.3d at 497; *United States v. Durk*, 149 F.3d 464, 466 (6th Cir. 1998). In *United States v. Durk*, the house numbers of the searched residence had been transposed from "4216" to "4612" in the warrant. We found that the warrant was valid because it sufficiently described the homeowner's residence despite the inaccuracies. The warrant at issue in *Durk* identified the place to be searched as a single-family red brick ranch home on the north side of Fulton Street and described a metal storage shed in the yard of the home. *Durk*, 149 F.3d at 466. Similarly, in *United States v. Pelayo-Landero*, the warrant at issue identified the place to be searched as a mobile home located at "1418 Mae Collins Road" when the home's address was actually 1412 Mae Collins Road. Nevertheless, this Court found that the warrant included a sufficient description of the place to be searched because the warrant described the mobile home by color, by certain exterior trim, and by a wooden deck, and noted that the number "954" was displayed under a window air conditioner on the right end of the mobile home. *Pelayo-Landero*, 285 F.3d at 497. Moreover, in both *Durk* and *Pelayo-Landero*, we found that there were additional circumstances that ensured that the inaccuracies in the warrant would not lead to a mistaken search of other premises, and accordingly, we upheld the warrants based on these findings. *Pelayo-Landero*, 285 F.3d at 497 (the executing officer had prepared the affidavit incorporated into the warrant, had previously conducted undercover transactions with the defendant, and had monitored an informant's recent marijuana purchase from the defendant at the search premises); *Durk*, 149 F.3d at 466 (the executing officer had just come from the house to be searched, and he was the affiant on the warrant).

In the present case, the warrant and supporting affidavit specified that the place to be searched was "Kimberly Beauty College, 937 28th St. S.W., Wyoming, MI 49509. Specifically a portioned off storage room in the lower level." It is undisputed that two out of the three references in the warrant to the place to be searched were accurate. Kimberly Beauty College was, in fact, located on 28th Street S.W. in the 900 block, and there was a portioned-off storage room in the lower level of that building. Thus, even though the street address was inaccurate, the executing officers could still locate and identify Kimberly Beauty College with reasonable effort. Moreover, as in *Durk* and *Pelayo-Landero*, additional circumstances indicate that there would not have been a mistaken search of other premises. The executing officer, Detective Struve, was also the warrant's affiant and the principal investigator of the fire at Kimberly Beauty College. At the time he filled out the affidavit, Detective Struve had already been to Kimberly Beauty College and had accompanied members of the fire department into the College's basement. Thus, the description in the warrant to search Kimberly Beauty College was sufficiently particular despite the inaccuracies.

We must still consider whether Detective Struve's alteration of the warrant to search Kimberly Beauty College invalidated the warrant. Since only a judicial officer may issue a warrant, it necessarily follows that only a judicial officer may alter, modify, or correct the warrant. Fed. R. Crim. P. 41(b). The executing officer who actually conducts a search should not himself or herself amend or alter the search warrant but, instead, should submit the desired amendment or alteration to a judicial officer for approval. *United States v. Katoa*, 379 F.3d 1203, 1208 (10th Cir. 2004) ("[W]hen the face of a warrant contains a drafting defect or omission . . . , the warrant is made valid if the issuing judge authorizes correction of the defect or omission via telephone during the search and subsequently confirms that authorization in writing."); *United States v. Johnson*, 944 F.2d 396, 403-04 (8th Cir. 1991) (holding that an incorrect address corrected by the issuing judge before the execution of the warrant did not render the warrant invalid); *United States v. Arenal*, 768 F.2d 263, 267 (8th Cir. 1985) (holding that typographical mistakes corrected before execution of the warrant and at the direction of the issuing judge did not render the warrant invalid); *United States v. Bowler*, 561 F.2d 1323, 1326 (9th Cir. 1977) (holding that the magistrate's correction of a typographical error in the affidavit and the warrant was "perfectly proper"); *State v. Yoder*, 534 P.2d 771, 773 (Idaho 1975) ("[A]n executing officer cannot correct or modify a warrant in the event of mistake. Since only a judicial officer may issue a warrant, it necessarily follows that only a judicial officer

may alter, modify, or correct a warrant."). It follows that the alteration in the instant case was an improper attempt to exercise the judicial function. *See Hernandez v. People*, 385 P.2d 996, 1001 (Colo. 1963). However, we find no authority or reason to invalidate the entire warrant because of the officer's mistake. There was no bad faith, deception, or prejudice as a result. The officer simply tried to correct a minor error and did not know that the document had now become a judicial matter. The alteration did not eliminate probable cause or eliminate compliance with the requirements of the Fourth Amendment.

### B. The Warrant for 338 Vinedale SE

Tran next claims that the warrant for her mobile home was lacking in probable cause since it failed to state the required nexus between the place to be searched and the arson. In determining whether there is probable cause to issue a search warrant, the task of the issuing magistrate is to determine whether "there is a 'fair probability,' given the totality of the circumstances, that contraband or evidence of a crime will be found in a particular place." *United States v. Shields*, 978 F.2d 943, 946 (6th Cir. 1992). We must therefore assess whether the issuing magistrate had "a substantial basis for finding that the affidavit established probable cause to believe that the evidence would be found at the place cited." *Id.* In evaluating the issuing magistrate's probable cause determination, we apply a flexible "totality of the circumstances" approach, which permits us to evaluate the particular facts of each case. *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Furthermore, a magistrate's "determination of probable cause should be paid great deference by reviewing courts." *Id.* at 236 (quoting *Spinelli v. United States*, 393 U.S. 410, 419 (1969)).

The affidavit supporting the search warrant for 338 Vinedale SE, Kentwood, Michigan, described the residence with particularized detail, setting forth both the mobile home's exact location and its physical appearance. Likewise, it identified the items to be seized in an equally detailed fashion, recounted the arson at Kimberly Beauty College on March 25, 2002, and connected Tran with the arson. The underlying affidavit, however, neither explicitly connected the searched residence located at 338 Vinedale SE to the fire at Kimberly Beauty College, nor stated that a person connected with the arson lived at the searched residence. The affidavit contains no statement or evidence that Tran lived at 338 Vinedale SE. In short, the affidavit did not indicate *why* Detective Struve believed that the items to be seized would be located at 338 Vinedale SE or that the defendant had a connection with the mobile home located at the given address. *See Mills v. City of Barbourville*, 389 F.3d 568, 575 (6th Cir. 2004) ("Nothing is stated about why 801 North Allison is being searched."); *United States v. Van Shutters*, 163 F.3d 331, 336 (6th Cir. 1998) ("[T] affidavit completely neglects to indicate *why* the affiant believed that Shutters himself had any connection with the Tennessee Residence."). Accordingly, Tran argues that the warrant is lacking in probable cause since it fails to state a "nexus between the place to be searched and the evidence sought." *Van Shutters*, 163 F.3d at 336-37.

In this circuit, the failure to establish an adequate nexus between the residence and any criminal activity within the four corners of the affidavit is not necessarily fatal, provided that the information is actually presented to the magistrate through sworn oral testimony. *Shields*, 978 F.2d at 946. The Fourth Amendment does not require that the basis for probable cause be established in a written affidavit; it merely requires that the information be given by "Oath or affirmation" before a judicial officer. U.S. Const. amend. IV. Moreover, the Fourth Amendment "does not require that statements made under oath in support of probable cause be tape-recorded or otherwise placed on the record or made part of the affidavit." *Shields*, 978 F.2d at 946. It follows that the issuing magistrate may consider sworn, unrecorded oral testimony supplementing a duly executed affidavit to determine whether there is probable cause upon which to issue a search warrant, *see, e.g., id.*; *United States v. Clyburn*, 24 F.3d 613, 617 (4th Cir. 1994); *Frazier v. Roberts*, 441 F.2d 1224, 1226 (8th Cir. 1971), and that Detective Struve's oral testimony could properly inform Judge Timmers' decision to issue a warrant in this case.

A review of Detective Struve's written affidavit and sworn oral testimony given before Judge Timmers reveals that probable cause existed to support the issuance of a search warrant for Tran's mobile home. Here, Detective Struve submitted a written affidavit that contained a sufficiently detailed description of Tran's residence, of the arson at Kimberly Beauty College, and of the items to be seized. His oral testimony elaborated on the information provided by the affidavit. Detective Struve testified at the suppression hearing that it was Judge Timmers' practice to question officers at length under oath about the relationship between the place to be searched and the investigation. During such questioning, Detective Struve established that the defendant lived at the residence to be searched, and that he believed that evidence of the arson would be found in the defendant's mobile home. Whatever deficiencies that may have existed in the establishment of probable cause in Detective Struve's affidavit were cured by Detective Struve personally during his appearance before Judge Timmers. We hold that the affidavit and oral testimony together established a "fair probability" that evidence of a crime would be found in Tran's mobile home, *see Gates*, 462 U.S. at 238, and accordingly supported the magistrate's finding of probable cause.

## V.  SENTENCING

Tran asserts for the first time on direct appeal that she is entitled to re-sentencing in light of the Supreme Court's recent decisions in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296 (2004). The government recognizes that re-sentencing is required under this circuit's precedents, s*ee United States v. Oliver*, 397 F.3d 369 (6th Cir. 2005); *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005), and we agree.

## VI.  CONCLUSION

For the foregoing reasons, we VACATE the sentence of the district court and REMAND for re-sentencing in light of the Supreme Court's decision in *Booker*. As to the other errors raised by the defendant, we AFFIRM the district court's judgment.