**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0246n.06

Nos. 10-1626; 11-1577

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

***Mar 02, 2012***

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE WESTERN DISTRICT OF |
| JASON TIMOTHY VARNES (10-1626); | ) | MICHIGAN |
| JEFFREY WILLIAM VARNES (11-1577), | ) | |
| | ) | |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |
| | ) | |

Before: KEITH, MARTIN, and GIBBONS, Circuit Judges.

PER CURIAM. Jason Timothy Varnes and Jeffrey William Varnes, who are represented by counsel, appeal their convictions for arson and conspiracy to commit arson.

On February 23, 2009, brothers Jason and Jeffrey Varnes attended a late night party at which they arranged to purchase $130 worth of cocaine from two men. Jason left the party and paid the men, but subsequently realized that he had been cheated after the men did not return with the cocaine. Jason found the men at an apartment. The apartment was part of a four unit complex. Jason returned to the party, telling Jeffrey that they had been the victims of a fraud. Several hours later, Jason and Jeffrey left the party. They drove to a gas station, filled a portable container with gasoline, returned to the men's apartment, and set the back porch on fire.

Jason and Jeffrey were indicted for arson and conspiracy to commit arson. At Jason's trial, the district court instructed the jury that the government must prove beyond a reasonable doubt that

"the property which was damaged or destroyed was property used in or affecting interstate commerce." Additionally, "[r]ental residential property is included as property affecting interstate commerce." The jury sent a note asking whether, as a matter of law, residential rental property affected interstate commerce, and the district court answered affirmatively. The jury convicted Jason, and the district court sentenced him to sixty-eight months of imprisonment. Jason then filed his timely appeal.

At Jeffrey's trial, the district court similarly instructed the jury. The jury convicted Jeffrey, and the district court sentenced him to eighty-seven months of incarceration. Jeffrey also appealed his convictions. The cases were consolidated because Jason and Jeffrey raise the identical issues of whether the district court properly instructed the jury regarding the interstate commerce element of the offenses and appropriately declined to give their proposed instruction regarding that element.

We review the legal accuracy of the jury instructions de novo, *United States v. Blanchard*, 618 F.3d 562, 571 (6th Cir. 2010), and the district court's refusal to give a proposed jury instruction for an abuse of discretion. *Id.* at 573. Arson is prohibited on "any building, . . . used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). The Supreme Court has held that § 844(i) applies to apartment buildings used as rental property because the rental of real estate is an activity that affects interstate commerce. *Russell v. United States*, 471 U.S. 858, 862 (1985). However, in *Jones v. United States*, 529 U.S. 848, 855-59 (2000), the Supreme Court held that arson of an owner-occupied private residence was not subject to prosecution under § 844(i) because the family dwelling was not actively used for commercial purposes. We have concluded that *Jones* does not affect *Russell*'s applicability of the arson statute to rental property. *United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477 (6th Cir. 2006).

Therefore, under the circumstances of this case, the district court appropriately instructed the jury that a residential rental property affects interstate commerce as a matter of law.

Jason and Jeffrey submitted a proposed jury instruction, based on *United States v. Laton*, 352 F.3d 286 (6th Cir. 2003), and *United States v. Williams*, 299 F.3d 250 (3d Cir. 2002), requiring that the jury first determine the function of the building and then determine whether that function affected interstate commerce.  *Laton* and *Williams* are not applicable.  *Laton* concerned whether a municipal fire station qualified as a building affecting interstate commerce.  *Laton*, 352 F.3d at 288.  In *Williams*, the Third Circuit used a two-step approach to conclude that the arson of a vacant rental property affected interstate commerce.  *Williams*, 299 F.3d at 254.  Even if the Varnes's interstate commerce instruction had been given, the outcome would have been the same as no reasonable juror could fail to find that the rental of the apartment affected interstate commerce.  *See United States v. Khalil*, 279 F.3d 358, 364-66 (6th Cir. 2002).  Accordingly, the district court did not abuse its discretion in refusing to give the proposed jury instruction.

The district court's judgments are affirmed.