NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1019
_____

UNITED STATES OF AMERICA

v.

ANDREA FORSYTHE,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 2-14-cr-00291-001
District Judge: The Honorable Cathy Bissoon

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 25, 2017

Before: SMITH, *Chief Judge*, McKEE, and RESTREPO, *Circuit Judges*

(Filed: October 12, 2017)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Chief Judge.*

Andrea Forsythe burned down a house she was renting in Sturgeon, Pennsylvania, in an attempt at insurance fraud. She conditionally pleaded guilty to, *inter alia*, one count of malicious destruction of property by fire under 18 U.S.C. § 844(i). She now appeals, arguing that Congress lacks the power under the Commerce Clause of the United States Constitution to criminalize the destruction of a Pennsylvania residence that Forsythe rented from a fellow Pennsylvanian.

The Government argues that Forsythe's conditional guilty plea waived her right to appeal this issue, but we have held that arguments that Congress lacked power to criminalize a given defendant's actions under the Commerce Clause are jurisdictional issues that cannot be waived.

Reaching the merits of that constitutional challenge, we conclude that Forsythe's argument fails. *Russell v. United States*, 471 U.S. 858 (1985), squarely held that § 844(i) constitutionally criminalizes burning rented homes. Forsythe argues that *United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000), have eroded the authority of *Russell*. Essentially, Forsythe acknowledges that *Russell* is on point and asks us to overrule it. As we have repeatedly explained, we must follow apposite Supreme Court cases until the Supreme Court itself overrules them. Moreover, Forsythe's cases do not contradict *Russell*. Section 844(i) as applied to

Forsythe is a constitutional exercise of power under the Commerce Clause

because, among other things, it clearly regulates economic activity and contains a

jurisdictional element. To the extent Forsythe raised a statutory argument, it also

fails under *Russell*.

## BACKGROUND

Because Forsythe stated in open court that she agreed with the

Government's summary of the facts during her guilty plea colloquy, the facts here

are uncontested. *See* App. 79–83.

Forsythe was a nanny who stole a diamond necklace from her employer.

She lived in a rented house in Sturgeon, Pennsylvania. She then took out a renter's

insurance policy, pawned the necklace, burned down her rented house, and made a

claim on her policy, including the necklace as though it had been destroyed in the

fire. A few months later, Forsythe admitted that she set fire to the house and that

she pawned the jewelry before starting the fire.

Forsythe was indicted and ultimately pleaded guilty to malicious destruction

of property by fire in violation of 18 U.S.C. § 844(i).[1] That statute reads in

relevant part:

> *Whoever maliciously damages or destroys*, or attempts to
> damage or destroy, *by means of fire* or an explosive, *any*

---

[1] Forsythe also pleaded guilty to wire fraud under 18 U.S.C. § 1343. Because
Forsythe does not challenge that conviction, we do not discuss it further.

*building*, vehicle, *or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce* shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both. . . .

18 U.S.C. § 844(i) (emphasis added).  In 1985, a unanimous Supreme Court held in *Russell* that "buildings used in interstate commerce" include rented residential property.  *See Russell*, 471 U.S. at 862 ("[T]he statute . . . applies to property that is 'used' in an 'activity' that affects commerce.  The rental of real estate is unquestionably such an activity.").  In so doing, the Court impliedly held that § 844(i) was constitutional as applied to rented residential property and explained that the relevant language in § 844(i) "expresses an intent by Congress to exercise its full power under the Commerce Clause."  *Id.* at 859.

After indictment, Forsythe filed a motion to dismiss, arguing that a troika of cases—*United States v. Lopez*, 514 U.S. 549 (1995), *United States v. Morrison*, 529 U.S. 598 (2000), and *Jones v. United States*, 529 U.S. 848 (2000)—"compel the conclusion that the jurisdictional element of the federal arson statute has not been satisfied in this case."  App. 31.  Specifically, Forsythe argued that Congress did not have the power to criminalize the destruction of the rented home because "[t]he intrastate 'rental' of a residential property" did not bring the house within

4

Congress's power to regulate under the Commerce Clause. App. 31.[2]

The District Court denied Forsythe's motion: "The government's proffer of its intended evidence is sufficient to establish the interstate commerce element of the charged offense under those cases. It must be given an opportunity to present such evidence to the jury. Defendant has preserved her right to seek relief on appeal." App. 2 (*United States v. Forsythe*, No. 2:14-cr-00291-CB-1 (W.D. Pa. Mar. 23, 2016), ECF No. 41).

Forsythe subsequently entered a conditional plea of guilty under Rule 11(a)(2) of the Federal Rules of Criminal Procedure. Forsythe's conditional plea stated:

> As a condition of her guilty plea, Andrea Forsythe may take a direct appeal from her conviction limited to the following issue: *Was the residential structure* located at [. . .] McVey Street in Sturgeon, Pennsylvania *being used in interstate commerce or in an activity affecting interstate commerce within the meaning of 18 U.S.C. § 844(i)* on or about June 23, 2014?

Appellee Br. at 11 (emphasis added). The agreement further specified that the "reservation of the right to appeal the basis of the specified issue does not include

---

[2] Arguably, part of the motion to dismiss made a statutory interpretation argument. *See* App. 40 ("Construing the federal arson statute consistent with the Supreme Court's approach in *Jones*, § 844(i) does not reach rental residential property where the rental activity is exclusively intrastate."). As discussed below, this argument is meritless.

the right to raise issues other than the issue specified." *Id.* Following her plea, Forsythe was sentenced to sixty months' imprisonment and ordered to pay roughly $179,000 in restitution payments. This timely appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

We review all three issues—waiver, the as-applied constitutional challenge, and any statutory interpretation issue—de novo because they are legal issues. *See United States v. Hardwick*, 544 F.3d 565, 570 (3d Cir. 2008) ("Because the interpretation of a contract generally is a question of law, we review the District Court's interpretation of the terms of the waiver [in the plea agreement] de novo."); *United States v. Torres*, 383 F.3d 92, 95 (3d Cir. 2004) (explaining that we review legal issues such as statutory construction and constitutional issues de novo).

## ANALYSIS

The Government argues that Forsythe's constitutional challenge was unpreserved by her conditional plea. We have held a defendant's claim that Congress lacked power under the Commerce Clause to criminalize his or her behavior is jurisdictional and therefore cannot be waived.

However, Forsythe's constitutional challenge is meritless. Forsythe wants

6

us to declare *Russell* a dead letter. But, we, as an "inferior Court[]," U.S. Const. art. III, § 1, plainly lack the power to overrule the Supreme Court's decision in *Russell*, even had Forsythe's arguments been persuasive. We further explain why Forsythe's argument is not persuasive.

Finally, to the extent Forsythe made a statutory argument on appeal, it, too, is meritless in light of *Russell* and *Jones*'s approval of *Russell*.

## I. Forsythe Could Not Waive Her As-Applied Constitutional Challenge

Forsythe's constitutional challenge to § 844(i) goes well beyond the "meaning of 18 U.S.C. § 844(i)," an issue that might have been explicitly preserved by her plea. Indeed, on reply, Forsythe essentially admits that she wants to go beyond the text of the plea to reach the constitutional issue.[3]

Forsythe offers two reasons why the constitutional argument comes within the conditional plea: (1) the plea was meant to track her motion to dismiss and (2) the constitutional issue is jurisdictional and therefore cannot be waived. We need not reach the first argument, as the second has merit.

Forsythe argues that she could not waive her as-applied constitutional challenge because it goes to the trial court's jurisdiction. Under Third Circuit law, that is correct. In *United States v. Whited*, we held that a criminal defendant who

---

[3] *See* Reply Br. at 4.

7

argued in her pretrial motion that a criminal statute exceeded the limits of the

Commerce Clause as applied to her could raise the same issue on appeal even

though she "did not preserve her right to appeal the pretrial motion by entering a

conditional guilty plea." 311 F.3d 259, 262 (3d Cir. 2002) (citing *United States v.*

*Rodia*, 194 F.3d 465, 469 (3d Cir. 1999)).[4] A fortiori, here, Forsythe can still raise

her as-applied Commerce-Clause challenge even though it is not expressly

preserved by her conditional guilty plea.

Therefore, we proceed to consider Forsythe's constitutional argument.

## II. *Lopez*, *Morrison*, and *Jones* Do Not Alter Our Duty to Adhere to *Russell*

As noted above and as we have held previously, *Russell* held that Congress

constitutionally could and did regulate the destruction of rental property in

§ 844(i). *See United States v. Gaydos*, 108 F.3d 505, 509 (3d Cir. 1997) ("We

believe that *Russell*'s interpretation of § 844(i), and its holding, that the statute

---

[4] We have also twice held that facial challenges that criminal statutes went beyond Congress's power under the Commerce Clause are jurisdictional issues that cannot be waived. *See United States v. Bishop*, 66 F.3d 569, 572 n.1 (3d Cir. 1995) ("Although Bishop pleaded guilty without reserving his right to appeal his motion to dismiss the indictment because of the alleged constitutional invalidity of section 2119, *see* Fed. R. Crim. P. 11(a)(2), we have jurisdiction over his appeal of this issue because it goes to the jurisdiction of the district court."); *United States v. Rodia*, 194 F.3d 465, 469 (3d Cir. 1999) ("Rodia did not preserve his right to appeal by entering a conditional guilty plea. *See* Fed. R. Crim. P. 11(a)(2). However, since the issue presented goes to the jurisdiction of the District Court, we have jurisdiction over his appeal.").

constitutionally regulates arson of business property that satisfies the requisite jurisdictional element, is still authoritative precedent."). Forsythe argues that *Lopez*, *Morrison*, and *Jones* undermined *Russell*.

Even assuming that Forsythe's argument were correct, we are bound to follow the Supreme Court's decision in *Russell*. *See, e.g.*, *United States v. Extreme Assocs., Inc.*, 431 F.3d 150, 155–56 (3d Cir. 2005) (stressing, at length, that the Third Circuit cannot ignore a Supreme Court case directly on point unless that case has been completely abrogated); Jerome Frank, *Words and Music: Some Remarks on Statutory Interpretation*, 47 Colum. L. Rev. 1259, 1271 (1947) ("A court like that on which I sit, an intermediate appellate court, is, *vis-a-vis* the Supreme Court, 'merely a reflector, serving as a judicial moon.'" (quoting *Choate v. Comm'r*, 129 F.2d 684, 686 (2d Cir. 1942))).

For instance, more than fifteen years ago, a criminal defendant argued that, under *Lopez*, *Morrison*, and *Jones*, Congress did not have the power to punish defendants under the felon-in-possession statute, 18 U.S.C. § 922(g)(1). *See United States v. Singletary*, 268 F.3d 196, 197, 200 (3d Cir. 2001). As in this case, the Supreme Court had ruled that the statute was constitutional before *Lopez*, *Morrison*, and *Jones*. *See Singletary*, 268 F.3d at 200 (describing *Scarborough v. United States*, 431 U.S. 563 (1977)). Discussing the defendant's argument that *Lopez*, *Morrison*, and *Jones* required us to disregard the Court's apposite

9

precedent, we explained:

> [E]ven if there were merit to Singletary's argument that the Supreme Court's trinity of Commerce Clause decisions have somehow weakened the precedential value of *Scarborough*, we may not precipitate its decline. The Supreme Court itself has admonished lower courts to follow its directly applicable precedent, even if that precedent appears weakened by pronouncements in its subsequent decisions, and to leave to the Court itself "the prerogative of overruling its own decisions."

*Id.* at 205 (quoting *Agostini v. Felton*, 521 U.S. 203, 237 (1997)). So, too, we cannot "precipitate [the] decline" of *Russell*.

In any event, there does not appear to be merit to Forsythe's argument that *Lopez*, *Morrison*, or *Jones* significantly undermined *Russell*.[5] *Lopez* and *Morrison* show that Congress's power to criminalize certain behavior is limited. In *Lopez*, the Supreme Court held that Congress did not have authority under the Commerce Clause to criminalize the possession of a firearm in a school zone "because the statute neither regulated a commercial activity (possession of a gun near a school) nor contained a requirement that the possession of a firearm in a school zone be connected in any way to interstate commerce." *Singletary*, 268 F.3d at 200 (citing *Lopez*, 514 U.S. at 551, 567–68). In *Morrison*, the Supreme Court held that

---

[5] It is notable that Forsythe could not point to any court that has held that *Russell* is no longer controlling precedent even though it has been seventeen years since *Morrison* and *Jones* were decided.

10

Congress did not have power under the Commerce Clause to pass the Violence Against Women Act because it "contain[ed] no jurisdictional element establishing that the federal cause of action is in pursuance of Congress' power to regulate interstate commerce" and because the connection between regulating violence against women and interstate commerce was too attenuated. *See Morrison*, 529 U.S. at 613–18; *Singletary*, 268 F.3d at 202–03.

We previously held that *Russell* remained binding precedent following *Lopez*, *see Gaydos*, 108 F.3d at 509 ("[W]e join the other circuits which have concluded that § 844(i) remains constitutionally viable after *Lopez*."), and, as briefly summarized above, *Morrison* is very similar to *Lopez*, *see Whited*, 311 F.3d at 266 (noting that *Morrison* "echoed both the holding of *Lopez* and its underlying reasoning"). Therefore, there is no reason to believe either case weakens *Russell*.

Indeed, this case is decidedly different from the criminalization of gun possession and gender-motivated violence at issue in *Lopez* and *Morrison*, respectively, because as *Russell* explained, there cannot be any doubt that renting property is economic activity and because § 844(i) has a jurisdictional element. *See, e.g.*, *Delaware Cty. v. Fed. Hous. Fin. Agency*, 747 F.3d 215, 227 (3d Cir. 2014) ("The lesson to be drawn from *Lopez* and *Morrison* is that whether the activity is economic in nature is central to our analysis . . . ."); *United States v. Walker*, 657 F.3d 160, 179 (3d Cir. 2011); *see also United States v. Kukafka*, 478

F.3d 531, 535–36 (3d Cir. 2007) ("[A] court should consider: (1) 'the economic nature of the regulated activity;' (2) 'a jurisdictional element limiting the reach of the law to a discrete set of activities that additionally has an explicit connection with or effect on interstate commerce;' (3) 'express congressional findings regarding the effects upon interstate commerce of the activity in question;' and (4) 'the link between the regulated activity and interstate commerce.'" (quoting *United States v. Gregg*, 226 F.3d 253, 262 (3d Cir. 2000))).

Not only is there no reason to believe that *Lopez* or *Morrison* calls *Russell* into question, but there is likewise no reason to believe that *Jones* deprecates *Russell*. In *Jones*, the Supreme Court held that "an owner-occupied residence not used for any commercial purpose does not qualify as property 'used in' commerce or commerce-affecting activity; arson of such a dwelling, therefore, is not subject to federal prosecution under § 844(i)." *Jones*, 529 U.S. at 850–51. The *Jones* court explicitly distinguished the case before it from *Russell* because the property was owner-occupied. *See Jones*, 529 U.S. at 854 ("We now confront a question that was not before the Court in *Russell*: Does § 844(i) cover property occupied and used by its owner not for any commercial venture, but as a private residence."). Indeed, many read *Jones* as reaffirming *Russell*. *See United States v. Hang Le-Thy Tran*, 433 F.3d 472, 477 (6th Cir. 2006) ("The Supreme Court's later ruling in *Jones* . . . did not disturb the Court's holding in *Russell* that the arson

12

statute applies to rental properties."); *United States v. Logan*, 419 F.3d 172, 180 (2d Cir. 2005) ("[T]he Supreme Court cited *Russell* with approval in *Jones*, which was decided after *Morrison* and *Lopez*."); *United States v. Grassie*, 237 F.3d 1199, 1208 (10th Cir. 2001) ("Indeed, the Court relied upon its prior decision in *Russell* . . . ."); *Groome Resources Ltd., L.L.C. v. Parish of Jefferson*, 234 F.3d 192, 207 (5th Cir. 2000) ("This recognition was reaffirmed in the recent *Jones* decision."); *id.* at 207 n.23 ("In the instant case, the house is functioning as a rental unit for disabled individuals, which under *Russell* can be regulated under the commerce power.").

Because *Russell* is directly on point and the Supreme Court has never expressly overruled it, we must follow it. Even if we could consider whether *Lopez*, *Morrison*, and *Jones* eroded *Russell*, we would conclude that *Russell* remains correct.

## III. To the Extent Forsythe Made Any Purely Statutory Argument, It Fails Because *Jones* Adhered to *Russell*

To the extent that Forsythe argued that the statutory interpretation in *Jones* would change our interpretation of *Russell*, she is wrong. As noted above, *Jones* took pains to stress its consistency with *Russell*. *See, e.g.*, *Jones*, 529 U.S. at 856 ("Our decision in *Russell* does not warrant a less 'use'-centered reading of § 844(i)."). Because the Supreme Court's construction in *Russell* is binding, we

hold that § 844(i) reaches the destruction of residential property rented by one Pennsylvanian from another.

## CONCLUSION

For the reasons stated above, we will affirm the judgment of the District Court.