NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0033n.06

No. 18-5272

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
|  | ) | Jan 22, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
|  | ) |  |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE |
|  | ) |  |
| MARK STINSON, | ) |  |
|  | ) |  |
| Defendant-Appellant. | ) |  |

BEFORE: GRIFFIN, WHITE, and BUSH, Circuit Judges.

PER CURIAM. Mark Stinson appeals the district court's denial of his motion to sever two counts of the indictment. As set forth below, we **AFFIRM**.

A federal grand jury returned an indictment charging Stinson with conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (Count 1); five counts of failure to collect, truthfully account for, and pay over payroll taxes in violation of 26 U.S.C. § 7202 (Counts 2–6); five counts of false statements on a tax document in violation of 26 U.S.C. § 7206(1) (Counts 7–11); theft of government funds in violation of 18 U.S.C. § 641 (Count 12); and aggravated identity theft in violation of 18 U.S.C. §§ 2 and 1028A(a)(1) (Count 13).[1] The first eleven counts related to Stinson's failure to truthfully account for and pay over payroll taxes due from his and his wife's

---

[1] Stinson's wife, Jayton Stinson, was also charged in Counts 1–6. She pleaded guilty to Count 1, and the district court sentenced her to 12 months of imprisonment and made her jointly and severally liable for restitution to the IRS.

staffing company to the IRS. Counts 12 and 13 related to Stinson's involvement in his son's false federal income tax return.

Before trial, Stinson filed a motion for relief from prejudicial joinder pursuant to Federal Rule of Criminal Procedure 14(a), asking the district court to sever Counts 12 and 13. Stinson argued that the facts underlying Counts 12 and 13 "appear to be unrelated" to the facts underlying the other counts of the indictment and that consolidation of the counts would be unduly prejudicial. Denying the motion, the district court concluded that all of the offenses involved similar conduct— the "[t]heft of government funds associated with federal income taxes"—and that Stinson had failed to allege any "compelling, specific, and actual prejudice" resulting from joinder of the offenses.

At trial, Abdual Scales, Stinson's son, testified about discussions with his father regarding his 2012 tax return. Scales wanted to increase his refund because he was going on a spring break trip with friends. Stinson told Scales to list Stinson's minor son, Scales's half-brother, as a dependent and provided his minor son's social security number. Scales received a refund of $6,020; pursuant to discussions with Stinson, Scales kept $1800 and transferred the rest to his father. The government also presented evidence that Stinson listed Scales as a corporate officer without his knowledge and that Scales's signature was forged on tax and other company documents. After a five-day trial, the jury convicted Stinson on all counts.

In his motion for a judgment of acquittal or, in the alternative, a new trial, Stinson asked the district court to reconsider its order denying severance, arguing that Counts 12 and 13 were improperly joined because they "did not involve the same conspiracy, the same scheme or plan" and involved "totally different facts from what is alleged in Counts 1 through 11." The district court denied Stinson's motion at sentencing, finding that the offenses all involved "perpetrating

tax fraud," the offenses were "close in time," and Scales's testimony overlapped many of the counts.

The district court sentenced Stinson to 51 months of imprisonment on Counts 1–12 followed by 24 months of imprisonment on Count 13, for a total of 75 months of imprisonment. The district court also ordered Stinson to pay approximately $2.8 million in restitution to the IRS.

This timely appeal followed. Stinson challenges the district court's denial of his motion to sever Counts 12 and 13, asserting that those counts did not involve similar conduct and that their joinder prejudiced him.

The rule governing joinder of offenses allows an indictment to charge a defendant in separate counts with multiple offenses if the offenses charged "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) "is to be construed liberally to promote the goals of trial convenience and judicial efficiency." *United States v. Wirsing*, 719 F.2d 859, 862 (6th Cir. 1983). Whether joinder is proper under Rule 8(a) is determined by the allegations on the face of the indictment and is a question of law that we review de novo. *See United States v. Deitz*, 577 F.3d 672, 691–92 (6th Cir. 2009). Misjoinder is subject to harmless-error review under Rule 52(a) and "requires reversal only if the misjoinder results in actual prejudice because it had substantial and injurious effect or influence in determining the jury's verdict." *United States v. Chavis*, 296 F.3d 450, 461 (6th Cir. 2002) (quoting *United States v. Lane*, 474 U.S. 438, 449 (1986)).

The district court properly determined that all of the offenses charged against Stinson were "of the same or similar character." As the district court pointed out, all of the offenses involved the same underlying conduct—the "[t]heft of government funds associated with federal income taxes." Stinson concedes that "it is true that the theft of government funds and identification theft

charges were essentially tax fraud," but argues, without citing any authority, that Counts 12 and 13 did not compare to the other counts in terms of complexity and duration. Even accepting Stinson's argument, any error was harmless. The district court issued an appropriate instruction to the jury to consider each charge separately and not allow a decision on one charge to influence the decision on another charge. "Error based on misjoinder is almost always harmless where. . . , the trial court issues a careful limiting instruction to the jury on the issue of possible prejudice resulting from the joinder." *United States v. Cody*, 498 F.3d 582, 587–88 (6th Cir. 2007) (reviewing a nearly identical instruction to the one given in this case). Furthermore, evidence relating to Counts 12 and 13 likely would have been admissible in a separate trial on the other counts under Federal Rule of Evidence 404(b), and there was overwhelming evidence of Stinson's guilt on all of the counts. *See Chavis*, 296 F.3d at 461. The joinder of Counts 12 and 13 with the other counts against Stinson, even if improper under Rule 8(a), was therefore harmless.

Even if counts are properly joined under Rule 8(a), a district court may order separate trials if the joinder of offenses "appears to prejudice a defendant." Fed. R. Crim. P. 14(a). "The resolution of a Rule 14 motion is left to the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion." *United States v. Tran*, 433 F.3d 472, 478 (6th Cir. 2006) (citing *United States v. McCoy*, 848 F.2d 743, 744 (6th Cir. 1988)). The government asserts that plain-error review applies because Stinson failed to renew his Rule 14 motion at the close of all the evidence. *See United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987). Stinson cannot show that the district court erred under either standard in denying his Rule 14 motion.

"In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever." *United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) (citing *United States v. Sherlin*, 67 F.3d 1028, 1215 (6th Cir. 1995)). Stinson argues that Counts 1–11 involved "an avalanche of proof" while Counts 12 and

13 involved only one witness and that "a jury hearing the evidence would get confused in rendering an impartial verdict, applying the facts of the more complex case to the lesser one." However, "[a] difference in the quantum of evidence as to the two [sets of] counts 'is not grounds to overturn a denial of severance unless there is a substantial risk that the jury could not compartmentalize or distinguish between the evidence' produced on each count." *Tran*, 433 F.3d at 478 (quoting *United States v. Williams*, 711 F.2d 748, 751 (6th Cir. 1983)). Stinson has not overcome the presumption that the jury was "capable of sorting out evidence and considering each count . . . separately," particularly in light of the district court's limiting instruction reminding the jury to consider the evidence relating to each count separately and not to allow its decision on one count to influence its decision on any other count. *See Swift*, 809 F.2d at 323. Noting that Count 13 carried a two-year mandatory consecutive sentence, 18 U.S.C. § 1028A(a)–(b), Stinson argues that joinder of the offenses allowed "the government to present a vastly different fact pattern for the same jury, and to use that to get an additional two years punishment." However, Stinson has not shown that the jury could not differentiate the evidence supporting Counts 12 and 13 from the other counts. Moreover, even if Counts 12 and 13 had been tried separately, Stinson still would have faced a two-year mandatory consecutive sentence on Count 13 in addition to any term of imprisonment for his other offenses. *See* 18 U.S.C. § 1028A(b)(2). We can find neither an abuse of discretion nor plain error in the district court's denial of Stinson's Rule 14 motion.

Stinson has filed a pro se motion to file a supplemental brief, principally arguing that (1) his trial counsel rendered ineffective assistance of counsel, (2) the district court improperly denied his requests for new counsel, and (3) he was incompetent to stand trial. Because Stinson is represented by counsel who has filed a brief, we will deny his motion. *See* Fed. R. App. P. 31(a) (providing for the filing of "a brief"); *see also United States v. Montgomery*, 592 F. App'x 411, 415–16 (6th Cir. 2014); *United States v. Martinez,* 588 F.3d 301, 328 (6th Cir. 2009) (declining to address pro

se arguments made by a defendant represented by counsel). Although we have previously considered a represented litigant's pro-se arguments where those arguments appear to have merit, *see Miller v. United States*, 561 F. App'x 485, 489 (6th Cir. 2014), we do not so here because the record on the issues raised by Stinson is undeveloped and we therefore cannot determine the merit of Stinson's arguments. Stinson's claims are more appropriately resolved in the first instance on habeas review in district court.

For these reasons, we **DENY** Stinson's pro se motion to file a supplemental brief and **AFFIRM** the district court's judgment.