**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1844
_____

UNITED STATES OF AMERICA,
                                        Appellant
v.

ANTHONY F. D'AMBROSIO
ANTONIO DELGADO, aka Little Tony
ARMANDO ENRIQUE DELGADO
KEANU DAVONE MARTINEZ

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-15-cr-00003-002, 003, 004 & 005)
District Judge: Honorable William W. Caldwell

_____

Argued: November 8, 2016
_____

Before: McKEE, RESTREPO, *Circuit Judges*, and HORNAK, *District Judge*.[*]

(Opinion filed: January 26, 2017)
_____

Peter J. Smith
Stephen R. Cerutti II
Meredith A. Taylor  [ARGUED]
United States Attorney's Office
Middle District of Pennsylvania
Ronald Reagan Federal Building

_____

[*]  Honorable Mark R. Hornak, District Judge for the United States District Court
for the Western District of Pennsylvania, sitting by designation.

Suite 220
228 Walnut Street
Harrisburg, PA 17108
       *Counsel for Appellant*

John A. Abom [ARGUED]
Abom & Kutulakis
2 West High Street
Carlisle, PA 17013
       *Counsel for Appellee Anthony D'Ambrosio*

Dean E. Reynosa
Griest Himes Herrold & Reynosa
129 East Market Street
York, PA 17401
       *Counsel for Appellee Antonio Delgado*

Robert J. Daniels
Killian & Gephart
218 Pine Street
P.O. Box 886
Harrisburg, PA 17108
       *Counsel for Appellee Armando Delgado*

Joseph Sembrot
Goldberg Katzman
4250 Crums Mill Road, Suite 301
P.O. Box 6991
Harrisburg, PA 17112
       *Counsel for Appellee Keanu Martinez*

_____

OPINION[**]
_____

RESTREPO, *Circuit Judge*.

The Government filed this interlocutory appeal from the District Court's *in limine*

_____

[**] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

2

ruling precluding the Government from calling an expert witness.  We will affirm.

# I

Appellees Anthony D'Ambrosio, Antonion Delgado, Armando Delgado and Keanu Martinez are charged in a Superseding Indictment with, *inter alia*, sex trafficking offenses, in violation of 18 U.S.C. §§ 1591, 2421, 2423 and 371.  Prior to trial, the Government provided notice that it intended to call an expert witness, Dr. Sharon Cooper, to provide "background" on the "culture" of sex trafficking.  App. 83.  The Government seeks to introduce this testimony to "de-mystify this subculture" and to provide "education and context" for the jury.  Br. for Appellant 7, 10.  The Government does *not* contend that the proffered testimony goes to any element of the charged offenses.

Appellees moved *in limine* to preclude the Government's expert, and the District Court granted the motion.  The District Court explained that the proffered expert testimony was irrelevant under Federal Rule of Evidence 401.  The District Court further promised to revisit the issue based upon the testimony of the fact witnesses.  The District Court suggested that the Government may be permitted to call its expert after the fact witnesses testify if a foundation is established.

# II

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 18 U.S.C. § 3731.  Our standard of review is abuse of discretion.  *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008).  This standard reflects the fact that "[w]ith respect to evidentiary questions . . . a district court virtually always is in the better position to assess the admissibility of the evidence in the context of

3

the particular case before it." *Id.* at 387; *see also In re TMI Litig.*, 193 F.3d 613, 666 (3d Cir. 1999).

## III

The district courts serve a gatekeeping role to determine whether expert testimony meets the requirements of Federal Rule of Evidence 702. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 592-97 (1993). Rule 702 requires (1) that an expert witness be qualified, (2) that the testimony be reliable and (3) that the testimony assist the fact-finder. *United States v. Schiff*, 602 F.3d 152, 172 (3d Cir. 2010).

This case involves only the third requirement—"helpfulness" or "fit." This requirement is based upon the text of Rule 702, which requires that an "expert's scientific, technical, or other specialized knowledge . . . help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). To be helpful, expert testimony must be "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *Schiff*, 602 F.3d at 173 (quotation marks and citation omitted). Conversely, "expert evidence which does not relate to an issue in the case is not helpful." *United States v. Ford*, 481 F.3d 215, 219 n.6 (3d Cir. 2007) (quotation marks and citation omitted). "The 'standard is not that high,' but 'is higher than bare relevance.'" *Schiff*, 602 F.3d at 173 (citation omitted). We caution the district courts to "tread carefully when evaluating proffered expert testimony," as "scientific expert testimony carries special dangers to the fact-finding process because it can be both powerful and quite misleading because of the difficulty in evaluating it." *Ford*, 481 F.3d at 219 n.6 (quotation marks and citations omitted).

4

Expert testimony on the culture of sex trafficking was the subject of a decision by the Court of Appeals for the District of Columbia Circuit, *United States v. Anderson*, 851 F.2d 384, 392 (D.C. Cir. 1988). *Anderson* held that a district court did not abuse its discretion by admitting such testimony to rebut cross-examination suggesting that the victims "travelled with [the defendant] quite voluntarily; and that they had not engaged in prostitution at his direction." *Id.* at 393. These were "facts 'that could be determinative of [the defendant's] guilt or innocence.'" *Id.* (citation omitted); *see also United States v. King*, 703 F. Supp. 2d 1063, 1075 (D. Haw. 2010) (admitting the testimony of Dr. Cooper, but where the testimony bore "directly on an element" of eight counts). In other cases, in contrast, courts have affirmed the exclusion of cultural experts. *See, e.g.*, *United States v. Bostick*, 791 F.3d 127, 151 (D.C. Cir. 2015) (affirming exclusion of gang culture expert as unhelpful because gang membership was not an element and not alleged); *United States v. Amawi*, 695 F.3d 457, 480 (6th Cir. 2012) (affirming exclusion of expert on jihadist "cultural norms" where testimony would not help the jury in determining whether the defendants committed the crimes charged); *United States v. Abdush-Shakur*, 465 F.3d 458, 466-67 (10th Cir. 2006) (affirming exclusion of prison culture expert where testimony was irrelevant to the crimes charged).

With such precedents in mind, we will affirm the decision of the District Court to exclude the proffered expert. As in *Bostick*, *Amawi* and *Abdush-Shakur*, the proffered testimony would not help the trier of fact in determining the defendants' guilt as to the offenses charged. Or, at the very least, the District Court did not abuse its discretion in so holding.

Having reached this conclusion, we go on to note that the impact of our ruling may be slight. The District Court has promised to revisit its decision based upon the testimony of the fact witnesses. This decision, which "allows the Government to present its fact witnesses at trial, and then petition the Court for introduction of [expert] testimony, was a pragmatic solution and not an abuse of discretion." *Schiff*, 602 F.3d at 176. The District Court retains its discretion to reconsider the proffered evidence should defense counsel open the door by way of cross-examination of witnesses or the presentation of evidence that would make the expert opinion relevant.[1]

## IV

We will affirm and remand for further proceedings consistent with this opinion.

---

[1] Because we affirm under Rule 702, we need not determine whether some or all of the expert testimony would be inadmissible under Rule 403. *Cf. Anderson*, 851 F.2d at 393-94 (expert testimony potentially unduly prejudicial).