**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-4432**

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

  v.

BRANDON MARQUIS JENNINGS, a/k/a Smilez, a/k/a Smilez Finesse, a/k/a Beezy, Mustafa Bey,

   Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Louise W. Flanagan, District Judge. (5:18-cr-00318-FL-1)

Submitted: June 24, 2021        Decided: July 1, 2021

Before WILKINSON, MOTZ, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mitchell G. Styers, BANZET, THOMPSON, STYERS & MAY, PLLC, Warrenton, North Carolina, for Appellant. G. Norman Acker, III, Acting United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Brandon Marquis Jennings of sex trafficking by force, fraud, or coercion, in violation of 18 U.S.C. § 1591(a)(1)-(2), (b)(1) (Counts 1 & 2); sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), (b)(2) (Counts 3 & 4); production of child pornography, in violation of 18 U.S.C. § 2251(a), (e) (Count 5); interstate transportation of a minor for illegal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 6); interstate travel for prostitution by coercion and enticement, in violation of 18 U.S.C. § 2422(a) (Counts 7-9); interstate transportation for prostitution or illegal sexual activity, in violation of 18 U.S.C. § 2421(a) (Counts 10-12); and interstate travel or use of the facilities for interstate commerce to promote an unlawful business enterprise, in violation of 18 U.S.C. § 1952(a)(3) (Count 13). The district court sentenced Jennings to life imprisonment. On appeal, Jennings contends that the district court erred in admitting expert testimony and in denying his motion for judgment of acquittal and that his sentence is unreasonable. Finding no reversible error, we affirm.

I.

Jennings first contends that the district court erred in admitting the expert testimony of Dr. Sharon Cooper, who testified on the culture of sex trafficking and the psychology involved in the relationships between pimps and prostitutes. Although we typically review a district court's decision regarding the admissibility of expert testimony for abuse of discretion, we review the issue for plain error where, as here, the defendant did not object to that testimony at trial. *United States v. Baptiste*, 596 F.3d 214, 223-24 (4th Cir. 2010). To establish plain error, Jennings must demonstrate that (1) an error occurred, (2) the error

2

was plain, and (3) the error affected his substantial rights. *Henderson v. United States*, 568 U.S. 266, 272 (2013). Even if this standard is met, we will exercise our discretion to correct the error only if "the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1905 (2018) (internal quotation marks omitted).

Expert testimony is permitted by a witness "qualified as an expert by knowledge, skill, experience, training, or education," so long as: (a) the expert's "specialized knowledge will help the trier of fact to understand the evidence" or determine a fact at issue; "(b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. For her opinion to be admissible, the witness must "explain how [her] experience leads to the conclusion reached, why [her] experience is a sufficient basis for the opinion, and how [her] experience is reliably applied to the facts." *United States v. Bynum*, 604 F.3d 161, 167 (4th Cir. 2010) (cleaned up). By contrast, a district court should exclude expert testimony that is "within the common knowledge of jurors." *United States v. Lespier*, 725 F.3d 437, 449 (4th Cir. 2013) (internal quotation marks omitted).

Jennings relies heavily on *United States v. Delgado*, in which the Third Circuit concluded that a district court did not abuse its discretion in excluding Cooper from testifying on the background and culture of sex trafficking because the Government did not argue that her testimony went "to any element of the charged offenses." 677 F. App'x 84, 85 (3d Cir. 2017). However, the weight of authority supports the Government's position,

3

as it cites several decisions, including an unpublished decision issued by this court, in which courts have upheld the admission of expert testimony on the culture of sex trafficking and the psychology behind it. *See United States v. Warren*, 774 F. App'x 778, 782 (4th Cir. 2019) (No. 18-4562); *United States v. Bryant*, 654 F. App'x 807, 813 (6th Cir. 2016); *United States v. Brinson*, 772 F.3d 1314, 1319 (10th Cir. 2014); *United States v. Evans*, 272 F.3d 1069, 1094 (8th Cir. 2001); *United States v. Anderson*, 851 F.2d 384, 392-93 (D.C. Cir. 1988). Thus, we conclude that Jennings cannot establish plain error. *See United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) ("At a minimum, courts of appeals cannot correct an error pursuant to plain error review unless the error is clear under current law." (cleaned up)); *United States v. Garcia-Lagunas*, 835 F.3d 479, 496 (4th Cir. 2016) (noting that unpublished Fourth Circuit case contradicting appellant's argument "suggests that even if the district court erred, such error was not plain").

## II.

Next, Jennings argues that the district court erred in denying his motion for judgment of acquittal on Counts 3 and 4 because there was insufficient evidence to show that he knew or recklessly disregarded the fact that R.W. and J.C. were minors. "We review the denial of a motion for judgment of acquittal de novo." *United States v. Savage*, 885 F.3d 212, 219 (4th Cir. 2018). In assessing the sufficiency of the evidence, we determine whether there is substantial evidence to support the convictions when viewed in the light most favorable to the Government. *Id.* "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *United States v. Rodriguez-Soriano*, 931

F.3d 281, 286 (4th Cir. 2019) (cleaned up). In making this determination, we may not resolve conflicts in the evidence or evaluate witness credibility. *Savage*, 885 F.3d at 219. "A defendant who brings a sufficiency challenge bears a heavy burden, as appellate reversal on grounds of insufficient evidence is confined to cases where the prosecution's failure is clear." *Id.* (internal quotation marks omitted).

To secure a conviction under 18 U.S.C. § 1591(a)(1), the Government must prove that the defendant: (1) knowingly recruited, transported, harbored, maintained, obtained, or enticed a person; (2) in or affecting interstate commerce; (3) knowing or in reckless disregard of the fact that the victim had not attained the age of eighteen years and would be made to engage in a commercial sex act. *United States v. Garcia-Gonzalez*, 714 F.3d 306, 312 (5th Cir. 2013). However, when "the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not attained the age of 18 years." 18 U.S.C. § 1591(c).

We conclude that sufficient evidence supports the jury's verdict. First, under § 1591(c), Jennings had reasonable opportunities to observe both victims. Second, the jury could have reasonably concluded that Jennings knew or recklessly disregarded knowledge of their ages. R.W.'s Facebook profile stated that she was in high school, and Jennings admitted to T.C. that R.W. began prostituting for him at 16. As for J.C., two witnesses testified that she did not appear to be 18. One john refused to have sex with J.C. because she appeared so young, and T.C. informed Jennings of this. Moreover, J.C. told Jennings

5

that she had a friend who was 11, could not leave her current home with just anyone, and that she did not have identification. Therefore, we affirm Jennings' convictions.

III.

Finally, Jennings contends that his sentence is substantively unreasonable. We review a defendant's sentence "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). Under the *Gall* standard, a sentence is reviewed for both procedural and substantive reasonableness. *Id.* at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id.* at 49-51. If a sentence is free of "significant procedural error," then we review it for substantive reasonableness, "tak[ing] into account the totality of the circumstances."[*] *Id.* at 51. We apply "a presumption of reasonableness to a sentence within or below a properly calculated guidelines range." *United States v. Vinson*, 852 F.3d 333, 357 (4th Cir. 2017) (internal quotation marks omitted). This "presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *Id.* at 357-58 (internal quotation marks omitted).

---

[*] We must "review the sentence for procedural reasonableness *before* addressing whether it is substantively reasonable," even if the parties do not address it in their opening briefs. *United States v. Provance*, 944 F.3d 213, 215, 218 (4th Cir. 2019). Although Jennings does not contend his sentence is procedurally reasonable, his argument does implicate some aspects of our procedural reasonableness review. We discern no procedural error in this case.

We conclude that Jennings' sentence is reasonable. The district court reviewed Jennings' history at the beginning of the sentencing hearing and, thus, it did not err in declining to address it further at the end of the hearing when announcing the sentence. While Jennings' counsel requested a less than life sentence to give him hope at redemption, Jennings' allocution undercut that argument when he stated that he did not care if the court sentenced him to life imprisonment and blamed the victims for their role in the offense. Moreover, we conclude that Jennings cannot overcome the presumption of reasonableness accorded his within-Guidelines sentence. The offense conduct in this case was abhorrent, as Jennings targeted vulnerable girls and young women, and not only sold their bodies for his own personal gain, but physically abused them as well.

IV.

Accordingly, we affirm the district court's judgment. We deny Jennings' pro se motions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*